ARMSTRONG, &c.
*vs*
EASTON.

---

EJECTMENT.

Case 22.

*October 28,*

Case stated.

# Armstrong *et al. vs* Easton.

APPEAL FROM THE MASON CIRCUIT.

*Sheriff. Sheriff's return. Evidence.*

JUDGE EWING delivered the Opinion of the Court.

THIS is an action of ejectment brought by the plaintiffs, claiming under sheriff's sale, for a town lot in Maysville, and the only question deemed necessary to be decided is, did the Circuit Court err in admitting extrinsic parol evidence, tending to impeach the levy and sale, in contravention of the return of the officer.

It seems that the executions under which the plaintiffs claim title, issued on the 13th day of March, 1821, and was placed in the hands of Rice Boulton, deputy of Jesse Pepper, sheriff of Mason County, on the 12th day of June following, and was returned by him endorsed, "Executed on the 14th day of July, 1821, and money made."

On the 21st day of November, 1831, on the motion of the plaintiff in those executions, and under whom the plaintiffs in this suit derive title, Boulton, the deputy, amended his returns so as to make them show that he had levied the executions upon a number of lots in Maysville, describing them particularly, and sold the same, some of which, including the one in contest, was purchased by Brown, the plaintiff in the executions. And on the same day a deed was executed by Jesse Pepper, *as late sheriff* of Mason County, to Brown for the lots so shown by the amended returns to have been purchased by him.

From the facts exhibited, it appears that the original returns did not show that the lot in question was levied upon or sold, nor is there any written evidence of the fact, and that the returns were amended some ten years afterwards, and after the sheriff and his deputy had gone out of office.

It has been well settled that the return of a sheriff is, in the general, conclusive and cannot be collaterally questioned. It is also settled that he may amend his return. If those acts are done while he is in office, they are done under the sanction of his oath of office, and the responsibilities of his station, and the sanctity of records as well as the security of titles, requires that unquestionable faith should be reposed in his acts, which form a part of the record. But his acts after he goes out of office, are not done under the same sanction or responsibilities, and it would seem ought not to be entitled to the same verity.

There are acts which, if begun while he is an officer, it is his duty to go on to complete after his office expires, and such it would seem should receive the same sanction. An officer who begins execution shall go on to complete it though he resigns or his office expires. And upon this

<div style="margin">ARMSTRONG, &c.<br>*vs*<br>EASTON.</div>

<div style="margin">Sheriff's return whilst in office, in general, conclusive, and cannot be collaterally questioned, —And he *may* amend his return, if done whilst in office, with like effect.</div>

ARMSTRONG, &c.
*vs*
EASTON.

The right of a sheriff to amend his return on execution when out of office, arises from a levy thereof whilst in office, which must appear,
—Return is not then conclusive, it may be impeached by extrinsic evidence.

principle it has been settled by this Court, that the officer who has made sale of a tract of land may make a deed to the purchaser after his oath of office expires.

The right to amend his return after his office expires, if allowable at all, must rest upon this principle; if so, it must be shown that the execution was *begun* while he was in office; and as the levy is the beginning of an execution, it must appear that the lot in question *was levied* on by the deputy as an *officer.* As this fact is not shown by the original return, or by a certificate of sale, or any official writing evidencing the same, but rests within the recollection of the officer alone, and is to be made out by parol proof, it may be countervailed by parol proof, and when shown that no such levy was made, the power to amend, upon the principle of completing an execution *begun* while in office, ceases.

Besides, conceding the principle that an officer who has begun an execution may go on after his office expires, to do and perform every subsequent act necessary to its completion, and therefore to make a return of an execution before levied, and to give to that return all the verity which it could have, if made by him whilst in office, yet it is certainly to be questioned whether after he has made the return, and completed the act under the solemnities of his oath of office, he can add to, modify or change that return, at his own will and pleasure, after he has ceased to be an officer. If so, that which he has done under the solemn responsibilities of his station, he may add to, change or modify at pleasure as a private citizen, when he is acting under no such sanction. Be this as it may, we can never yield to the doctrine that any individual, because he has once been an officer and had an execution in his hands, can at any remote period, upon an exparte motion, amend his return from his own recollection only, so as to make that return, thus amended, conclusive upon the rights of others.

If he may amend under such circumstances, which need not now be decided, as the act done by him is the exparte act of an individual, and is not done under the sanction of his office, it may be impeached by extrinsic

evidence. The Circuit Court did not therefore err in admitting such testimony in this case.

Wherefore the judgment is affirmed with costs.

*Hord, Beatty & Payne* for appellants.