9bm200
116  629
9bm200
116  629

FERRY CASE.                **Trustees of Dover *vs* Fox.**

*Case 52.*              ERROR TO THE MASON CIRCUIT.

*Ferries.  Franchises.   Towns.   Dedications to public use.*

*January 24.*  JUDGE BRECK delivered the opinion of the Court.

IN 1846, the County Court of Mason, upon the ap-
*Case stated.*   plication of W. H. Parker and four others, as trustees
of the town of Dover, in said county, granted to them
a license to keep a ferry from the landing on the Ohio
river, in front of said town, to the opposite shore of the
river.

Arthur Fox, being a party to the proceeding, resisted
the application, upon the ground that he was the owner
of the legal title to the landing at which the ferry was
sought to be established, and from the order granting
the license, appealed to the Circuit Court. That Court
reversed the order of the County Court, and the trus-
tees have brought the case to this Court for revision.

Whether the trustees, or the town of Dover, were
such owners of the landing in front of the town on the
river, as entitled them to the ferry franchise, is the
main question for determination.

It appears that in 1818, the defendant, Fox sold to
Murphey, Waters and Duke, three-fourths of fifty acres
of land, Fox being at the time the owner, and having
the legal title, and upon this fifty acres, the four imme-
diately proceeded to lay off the town of Dover into
lots, streets and alleys. They made a plat of town,
which was exhibited at the sale of lots, which took
place shortly afterwards, upon which all the space be-
tween the lots fronting the river, and the water's edge
or the river, is represented as *Water street.*  And it is
from this space the license to keep a ferry was granted.
The agreement between Fox, Murphey, Waters and
Duke, for the sale of the three-fourths of the fifty acres,
stipulates that it was to bind on the river. The auc-
tioneer at the original sale of lots, announced at the

time, in the presence of the proprietors, that the ground fronting on the river was for the benefit of the town—and there is proof that it has since been so used, and so expressly recognized by Fox.

That a dedication of land for public purposes may be made by parol, is the well settled doctrine. It was so held in the *City of Cincinnati* vs *White's lessee*, (6 *Peters*, 431; *Barclay, &c.* vs *Howell's lessee*, (*Ibid*, 728;) *Trustees of Augusta* vs *Perkins*, (3 *B. Monroe*, 437;) *Rowan's ex'rs.* vs *The Town of Partland*, (8 *B. Monroe*, 232,) and other cases.

Dedications of land for public use may be by parol. (6 *Pet.*, 431; 3 *B. Mon.*, 437; 8 *Ib.*, 232.)

These authorities also fully sustain the position, that from the facts of this case, the strip of land in question constituted a part of the town, and was dedicated to the use of the town of Dover. The mere naked fee or title, may remain in the proprietor, Fox, but if so, it is in trust for the uses to which the dedication was made, and could not be rendered available by him in any form of action, as held in the Cincinnati case, supra, to disturb the beneficiaries in the use and enjoyment thereof. He has ceased to be the owner of the property, and it would not revert to him, even if appropriated by the town to purposes different from those to which it had been dedicated: *Barclay and Howell, supra.*

By an act of the Legislature, passed in 1836, the town was established upon the place formed and laid down by Fox and others, proprietors thereof, in 1818.

In the state of case thus presented, the question arises, whether the trustees were entitled to the license for a ferry, granted by the County Court.

The statute authorizes ferries to be established upon the application of persons *owning* the land on either side of the river, &c. It does not satisfactorily appear that the legal title to the land upon which the town of Dover was established, ever vested in the trustees, the plaintiffs in error, or any of their predecessors. It was not conveyed to trustees, when the town was founded by the original proprietors, nor does the act of the Legislature, although it appoints trustees, in express terms vest in them the legal title. But whether so or not, in view of the disposition of the case before us, is not

deemed material. The town of Dover, or the inhabitants thereof, are the owners, the beneficial proprietors of the common or vacant ground in question. The legal title, if it never vested in the trustees, remains in the original proprietor, Fox, in naked trust for the sole and exclusive use and benefit of the town.

It was held by this Court, in *Kennedy's heirs* vs *Covington*, (8 *Dana*, 53,) that a ferry franchise was properly granted to the trustees of Covington, and that it was not material whether the legal title was in them or their predecessors, the original trustees. The distinction between that case and this, is not deemed very important. In that case, the title had been expressly vested and remained in the original trustees or their heirs. In this case, the original proprietor is the trustee, and the title remains in him. The title in each case is held in trust for precisely the same or similar uses and purposes.

Our conclusion, therefore, is that the inhabitants of Dover, being the beneficial proprietors of the ground in this case, in effect the owners, their duly elected trustees were entitled to make application for the ferry franchise, and that it was properly granted by the County Court. The fact, that at an election subsequent to the application, two of the applicants were not reelected trustees, is not considered material. The grant was to them as trustees, and will be so held for the use of the town, and the ferry will be under the control of the trustees for the time being.

Wherefore, the judgment of the Circuit Court is reversed, and the cause remanded, with directions to affirm the order of the County Court granting the ferry license.

*McClung and Taylor* for plaintiffs; *Hord* for defendant.