## D. C. FERGUSON v. N. L. HUME.

New Trial—Officers—Return of Summons—Correction of Error in Chancery Court.

To entitle a defendant to relief, from a return of summons, not actually served, he must allege there was a fraudulent combination between the sheriff and the plaintiff to make a false return, and upon proof, a court of equity would be empowered to grant relief.

Same.

But when the plaintiff acts in good faith, and the sheriff returns, the process executed when it never was, the return is conclusive against the defendant.

Same.

If the sheriff is made a defendant to the action, and has made a false return, it is within the power of the court to compel him to correct the error.

APPEAL FROM HARRISON CIRCUIT COURT.

October 2, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The petition in this case was filed by appellant for a temporary injunction, and to obtain a new trial of the case, in which a judgment had been rendered against him in favor of appellee, upon the ground that although the sheriff had returned the summons executed on him in the case in which the judgment was rendered, in fact it was not executed, and the sheriff returned it executed by mistake, that he had a good defense to the action, which he sets out in his petition, and which, as alleged, is a valid defense; and he alleges that he was prevented from making said defense because the summons in the case was not served on him, and he did not know that the action had been brought against him.

The sheriff who made the return on the summons is not made a defendant to the action, it is not alleged that he can or is willing to amend his return, or that any motion had been made before the petition was filed in the court rendering the judgment, to have the return corrected by the sheriff.

It is not charged in the petition that there was a fraudulent combination between the sheriff and the appellee to make a false return, so that judgment might be obtained with these allegations, or allegations to this effect, against appellant without his knowledge, a court of quity might grant relief with proof hereof. But when the plaintiff acted in good faith, and the sheriff returns the process executed when it never was, the return is conclusive against the defendant. *Taylor v. Lewis, 2 J. J. Mar., page 400.*

And in *Shoffit v. Menefee, 4 Dana, 150,* after referring to the cases of the *Sergeant of the Court of Appeals v. George, 5 Litt., 200,* and that of *Taylor v. Lewis, supra*: It is evident that the court recoils from the consequences of vacating the judgment, under any averment, and proof contradicting the verity of the returning officer, and in a proceeding to which he is not a party.

In *Armstrong et al v. Easton, 1 B. Mon., 66,* it said: It has been well settled that the return of a sheriff is in the general conclusive, and cannot be collaterally questioned; it is also settled that he may amend his return.

If those acts are done while he is in office, they are done under the sanction of his oath of office, and the responsibilities, and the sanctity of records, as well as the security of titles, requires that unquestionable faith should be reposed in his acts which form a part of the record.

Whether after his term of office has expired, he may return, we need not now decide as the question is not before us; but if the sheriff had been made a defendant to the action, and he had made a false return, the chancellor might perhaps have the power to compel him to correct the return.

None of the causes for vacating the judgment, and granting a new trial as provided in section 579 Civil Code, are alleged in the petition.

It is necesary that the returns of sheriffs as between the parties to the litigation should be regarded as conclusive to preserve the sanctity of judicial proceedings, the stability of judgments, and the security of titles derived through them, and secure safety and repose to society.

The allegations of the petition were insufficient to authorize any relief, and the demurrer was properly sustained.

Wherefore, the judgment is *affirmed.*

A. H. Ward, for appellant.

J. Q. Ward, for appellee.