JUDGE HARDIN
delivered the opinion op the court.
The appellants, as trustees of an organized society of the Methodist Episcopal Church, South, in Hickman County, with others, brought this suit in equity against the appellees, Bryars and Utterback, claiming to be in possession and invested, as trustees, with the legal title to a tract of about four acres of land, including a burial-ground and house of religious worship, to which they allege the defendants were “ setting up claim; ” *472 and in consequence of such, asserted claim they sought the judgment of the court to compel its relinquishment, and to quiet their title and assure them in the uninterrupted possession of the property. And the court having dismissed the petition on demurrer, this appeal is prosecuted for a reversal of that judgment.
The allegations of the petition, admitted by the demurrer, were sufficient to authorize the relief sought, under the act of March 9, 1854, “to quiet the title to lands” (2 Revised Statutes, 102), if the statement of facts on which the appellants based their claim to the land was such as to constitute in them and those they represented a legal title.
These facts as alleged were in substance and effect, that at a meeting of the members of said society of Methodists and other citizens, held in 1867, for the purpose of raising the necessary means and procuring land on which to erect a house for public religious worship and a building for school purposes, and also to establish a public burial-ground, the title to be held and the church building controlled by said religious denomination, but to be used also by other Christian denominations, the defendants, who contemplated purchasing a tract of land including said four acres, which were then selected, agreed, in the event of their purchase, to dedicate the parcel of land so selected for the purposes aforesaid; and that they did thereafter so obtain the legal title and lay off and dedicate said four acres of land for the aforesaid public and religious uses and purposes; and upon the faith of such dedication contributions were made, and the church building erected, and burial-ground established and used for the interment of the remains of deceased persons; and that for two years the property so dedicated and devoted to public and religious uses had been possessed and occupied for those purposes.
It is not alleged in the petition, nor are we asked to presume, that any written transfer of the title was made by the *473 appellees; but we do not regard that as essential in this case. The principle is. well settled that a dedication of land for public purposes may be made by parol, and be established by parol evidence. (Trustees of Dover v. Fox, 9 B. Mon. 200; Wickliffe v. City of Lexington, 11 B. Mon. 155; McKinny, &c. v. Griggs, &c., 5 Bush, 401.) And although, in a peculiar class of cases, a dedication may not operate to transfer the legal title, nor even to divest the party making it of the fee for want of a grantee capable of taking, this is not of that description of cases, not only because the dedication, as alleged, was coupled with the designation of a particular organization as the depositary of the title, but if trustees were necessary to complete the transmission of the title, the right of part of the plaintiffs to accept and hold the property for and on behalf of that organization and the other beneficiaries is sufficiently alleged.
We are of the opinion therefore that the demurrer to the petition was improperly sustained.
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.
(Judge Lindsay not sitting.)