## CITY OF EUREKA v. CROGHAN.*

### No. 11,695; October 27, 1888.

19 Pac. 485.

**Dedication—Public Street—Acceptance.—The Conveyance of a Tract of Land** within the corporate limits of a town, by deed describing the tract as bounded by the lines of certain designated streets, if projected, and as being the northwest quarter of a certain designated block, as laid down on the official map of said town, together with five years' use of the projected streets by the public, constitutes a complete dedication of such streets to public use, without a formal acceptance by the town.[1]

---

*For subsequent opinion in bank, see 81 Cal. 524, 22 Pac. 693.

[1] Cited, in Riley v. Buchanan, 116 Ky. 633, 76 S. W. 529, 63 L. R. A. 642, as authority for "the general doctrine of an acceptance by the public being presumed from its long continued use of the highway."

APPEAL from Superior Court, Humboldt County.

Ejectment by the city of Eureka against Barney Croghan to recover a tract of land claimed by said city as a street. Judgment was rendered for plaintiff, and defendant appeals.

E. M. Wilson (Horace L. Smith of counsel) for appellant; S. M. Buck for respondent.

FOOTE, C.—This is an action of ejectment, brought by the city of Eureka to recover from the defendant a piece of land which it is claimed is a street of said city. The principal point made by the defendant for the reversal of the judgment and order refusing a new trial is that the findings are not supported by the evidence. It is claimed that the dedication was not attempted to be made, and, if attempted, was revoked, and after revocation was never formally accepted by the city. The case of Hayward v. Manzer, 70 Cal. 476, 13 Pac. 141, cited by the appellant as being in favor of his contention here, is not in point. The facts in that case were materially different from those involved here. The language of the judge below, in reviewing the facts showing a dedication of the land in controversy here as a street, is so decisive that we quote and adopt it: ''The question to be decided in this case is whether or not the land described in the complaint has been dedicated to public use as a street. (1) On April 7, 1870, John Cushing, who was then the owner of the land in controversy, together with other land, executed to one Leary a deed of land thus described: 'Commencing at a point distant, in a southerly direction, 600 feet from the N. W. corner of block 108, as laid down on the official map of the town of Eureka, made by J. S. Murray, and filed in the office of the county recorder of said county, July 28, 1859, said point of commencement being the N. W. corner of a block of land bounded on the north and west by Tenth and F streets, if said streets were projected; thence running south along the east line of F street, if said street were extended southerly, 120 feet; thence easterly at right angles with said F street, 120 feet; thence northerly, and parallel with F street, 120 feet; thence westerly, along the south side of Tenth street, 120 feet to the place of beginning—being the northwest quarter of the block,' etc.

What is the legal effect of this deed? Does it or did it operate as a dedication of the land adjacent on the north, as a street, under the well-known rule, more than once announced by the supreme court of this state, that, where a lot is sold as fronting on or bounded by a certain space designated in the conveyance as a street, the use of such space as a street passes as appurtenant to the grant, and vests in the grantee, in common with the public, the right of way over such street? Breed v. Cunningham, 2 Cal. 369; People v. Blake, 60 Cal. 499. If the deed can be construed as conveying a parcel of land bounded on the north by a line which would be a continuation of Tenth street if such street were extended, then it could not be said that it described the land sold as fronting on or bounded by a street. But we must look at every part of the description, and not alone to the words 'if said streets were projected,' in order to grasp the true meaning and legal effect of this deed. In it we find other words of description having no doubtful signification. The point of commencement is stated to be the 'N. W. corner of a block of land bounded,' etc.—then giving the calls; thence to the place of beginning. The land conveyed is further described as the 'northwest quarter of the block.' These words, taken in connection with the other words of the deed, are controlling, and fix its meaning definitely. This was a sale of land within the corporate limits of a town, now city. When we speak of a block of land in a town or city, reference is always made to a square or parcel of land inclosed by streets, whether occupied by buildings or composed of vacant lots. The words, as applied to land in a town, has no other meaning. Calling this land the northeast quarter of a block necessarily carried with it the assertion that it was the northwest quarter of a tract of land surrounded by spaces known as 'streets.' I think the deed must be construed as bounding the land therein described on the north side by a street or space of the same width, and what would be a continuation of Tenth street, if the municipal authorities should extend or open the same; and, so far as the grantor was concerned, operated as a dedication of the land to the public, he being at the time the owner of such space.'' It also appears in evidence that, for more than five years prior to the obstruction of this street by the defendant, it had been uninclosed, and had been used as a street by the public for all the purposes

for which they had occasion to do so. To make the dedication complete, no formal acceptance by the city of Eureka as a corporation was necessary: San Leandro v. Le Breton, 72 Cal. 175, 13 Pac. 405, and cases cited. We are of opinion that no prejudicial error is shown by the record, and advise that the judgment and order be affirmed.

I concur: Belcher, C. C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.