CASE 5—INDICTMENT—JUNE 2.

# Louisville, Henderson & St. Louis Railway Co. v. Commonwealth.

APPEAL FROM MEADE CIRCUIT COURT.

1. SUMMONS—RETURN, AMENDMENT OF BY EX-SHERIFF.—An ex-sheriff may, by leave of court, amend a return upon a summons executed during his term of office, by signing it and by making it

conform to the facts. (Newton v. Prather, 1 Duv., 100, reaffirmed.)

2. SUMMONS—SERVICE UPON AGENT.—Under section 51 of the Civil Code, subsection 4, which requires the summons in an action against a common carrier operating a railroad to be served upon its passenger or freight agent at the county seat or the station nearest thereto, service of a summons upon one who sold tickets was sufficient, though such selling was merely incidental to his other business.

3. STATUTES—CONSTITUTIONALITY OF—ACT REQUIRING RAILWAY COMPANIES TO WHISTLE AT CROSSINGS.—Section 786 of the Kentucky Statutes, requiring railway companies to have the bell rung or the whistle sounded upon every locomotive engine approaching a highway crossing at a distance of fifty rods from such crossing, and section 793, imposing a penalty for their failure do not violate the provision of the Constitution against excessive fines and cruel punishments.

4. HIGHWAY—MEANING OF—BY PRESCRIPTION.—To constitute a highway within the meaning of the statute, formal acceptance by the County Court is unnecessary. Continued, uninterrupted and adverse use of a highway by the public creates a conclusive presumption of dedication and acceptance.

HELM, BRUCE & HELM FOR APPELLANT.

1. The statute imposing a penalty on railroad companies for failure to signal at public crossings is unconstitutional.

2. In order to establish a public road there must be; either

(a) An order of the county court establishing it in the manner pointed out by statute, or,

(b) Dedication and an acceptance by the County Court.

3. An officer has no right after he has gone out of office to make a return on a process executed before his office expires, nor to sign a memorandum previously made, nor to amend the return after his term of office.

WEED S. CHELF. FOR APPELLEE.

1. Summons was served in compliance with subsection 4 of section 51 of the Civil Code. Kentucky Statutes, secs. 571, 4575.

2. The ex-sheriff had authority to amend a return on a summons executed at the time he was sheriff. Newton v. Prather, 1 Duv., 100.

3. The evidence establishing Elizabethtown & Stephensport road was competent and sufficient. Ky. Stats., sec. 4287; Gedge, etc., v. Commonwealth, 9 Bush, 61; Wilkins v. Barnes, etc., 79 Ky., 323; Commonwealth v. Ditto, Hardin, 450; Ditto v. Commonwealth, 2 Bibb., 17; Commonwealth v. Abney, etc., 4 T. B. M., 477; Elliott v. Treadway, 10 Ben Mon., 22; L. & N. R. R. Co. v. Servant, 16 Ky. Law Rep., 545; Greenup County v. Maysville & Big Sandy R. R. Co., 14 Ky. Law Rep., 699.

ATTORNEY-GENERAL W. S. TAYLOR ALSO FOR APPELLEE.
(No brief in the record.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The indictment is under section 786, Ky. Stat., which reads as follows: "Every company shall provide each locomotive engine passing upon its road with a bell of ordinary size, and steam whistle, and such bell shall be rung, or whistle sounded, outside of the incorporated cities and towns, at a distance of least fifty rods from the place where the road crosses upon the same level any highway or crossing, at which a sign-board is required to be maintained, and such bell shall be rung or whistle sounded continuously or alternately until the engine has reached such highway crossing, and shall give such signals in cities and towns as the legislative authorities thereof may require." Under section 793, the penalty for violating the section quoted shall be not less than $100 nor more than $500. The evidence was sufficient to authorize the jury to find the appellant guilty, and the punishment was fixed at a fine of $400.

The sheriff who executed the summons which was issued upon the indictment had gone out of office when this case was called for trial. It appeared that he had failed to sign the return which he had written upon the summons. The summons was executed in December, 1897. The sheriff's term of office expired January 1, 1898. Upon motion

of the Commonwealth, the court allowed him to sign the return on the summons, and also to amend it by making it show that the agent of the railroad company upon whom the summons was served was the freight and passenger agent nearest the court house in Brandenburg, the county seat of Meade county, where the indictment was pending. It is insisted by counsel for appellant that the court erred in thus allowing the sheriff to amend his return on the summons after his term of office had expired. In Newton v. Prather, 1 Duv. 100, the court held that a sheriff may, with leave of court, amend his return after the expiration of his term, with the same effect as if the amendment had been made during his term. It is insisted that this case is in conflict with the case of Armstrong v. Easton, 1 B. Mon. 66, and that this court should follow the latter case. The court, in Newton v. Prather, reviewed the case of Armstrong v. Easton, and reached the conclusion that the court did not decide in that case that the sheriff, after he had gone out of office, could not, by permission of the court, amend a return which he had made while in office. More than thirty years have elapsed since the case of Newton v. Prather was decided, which settled the practice with reference to the right of the sheriff to make amendments to returns, and we do not feel disposed to overrule that case. To follow the practice recognized as being correct in that case will in a great many cases enable parties to preserve their rights, while the case will be rare, if one ever occurs, wherein wrong and injury will result by permitting a sheriff to make such amendments. The courts will usually be able to protect and preserve the rights of all interested, on a motion to allow such amendments to be made.

The sheriff executed the summons upon the passenger

Louisville, Henderson & St. Louis Ry. Co. v. Commonwealth.

and freight agent of the appellant, who was acting as such at its nearest station to the county seat. The railroad does not run through the town of Brandenburg. It was shown on motion to quash the return on the summons that a man who conducted a jewelry store in Brandenburg kept tickets for sale, and also gave freight rates to shippers, when applied to. He was not a passenger and freight agent located at a station of the appellant. He did not maintain an office for the purpose of acting as passenger and freight agent for it. Selling tickets, etc., seems to have been a mere incident to his other business. Section 51, Civ. Code Prac., provides that a summons may be served on the defendant's passenger and freight agent stationed at or nearest to the county seat of the county in which the action is brought. This section evidently contemplates that the summons shall be served on the agent conducting the passenger and freight business of the railroad at its station at or nearest to the county seat in which the action is brought. The Legislature evidently intended to designate some one upon whom a summons might be served, who could be certainly and readily found.

It is suggested that under section 17 of the Constitution, which reads as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishment inflicted,"—the act under which the indictment was found is unconstitutional. This section, in our opinion, is more for the guidance of the legislative department of the Government than of the judicial; but cases might arise in which this court would feel bound, under that section of the Constitution, to refuse its sanction to laws which imposed excessive fines or inflicted cruel punishments. We do not think this is a case for the interposition of the court against the enforcement of the judg-

ment recovered against the appellant. We could reach this conclusion, and yet entertain the opinion that the jury, in its discretion, imposed a greater fine than the circumstances of this particular case required; but, under the discretion which the Legislature gave the jury, it had the right to fix the punishment at $400. Hence we should not disturb the judgment.

It is charged that the appellant failed to ring the bell or sound the whistle upon the locomotive engine as it approached the crossing upon the Elizabethtown and Stephensport road, it being a public highway and crossing. The proof in this case shows that as early as 1828 this was recognized as a public road. For more than twenty years before the indictment was returned, under appropriate orders of the County Court of Meade county, surveyors and overseers were appointed, and hands allotted to work on it. Although the road may not have been established by an order of the County Court, still, under adjudications of this court, the facts which we have stated constitute it a public road by prescription. A continued, uninterrupted, and adverse use of a highway as such by the public, as a right, for the period of fifteen years, creates a conclusive presumption of dedication and acceptance of it. Besides, section 4287 Ky. Stat. expressly declares it a public road. It reads as follows: "All public roads on which the several County Courts have heretofore appointed surveyors to work the same, and allotted hands therefor, which, have not been vacated according to law, are hereby declared public roads, without regard to any formality in the orders of the county court by which they were established." The judgment is affirmed.