CASE 69—ACTION BY R. W. BUCHANAN AGAINST R. W. RILEY FOR USE OF A PASSWAY.—NOV. 6.

# Riley v. Buchanan.

APPEAL FROM HARDIN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

PASSWAY—DEDICATION—ESTOPPEL—IMPLIED ACCEPTANCE—LONG USER —PRIVATE WAY—PRESCRIPTION.

Held:  1. A private passway can be acquired by prescription only by adverse user by the claimant or his predecessor for at least fifteen years.
2. An owner of realty, who allows the public to use it as a highway, under a notorious claim of right, for a long period of years, is estopped from denying a dedication to the public.
3. A dedication of a highway may be impliedly accepted by long-continued user by the public.

J. P. O'MEARA, ATTORNEY FOR APPELLANT.

1. Appellee owned the land but five years. He could claim no prescription que estate unless it was claimed by his grantors. His immediate grantor was Horace Nall, who owned the land for

eighteen years. Jake Nall owned it prior to Horace, and before that Lewis Nail, father of Jake Nall, was the owner. This ownership of the Nalls existed for about half a century. All of them disclaim any right adverse to appellant's title. Therefore, the grantor claiming no title, the grantee can claim none. The farm owned by appellee lies along a county road. By the public road he can reach all points on this county road. The presumption of long use is a presumption of fact and not of law. If Horace and Jake Nall were dead or their testimony not obtainable, then, within certain bounds, this presumption of fact might be indulged.

Presumptions of fact are only substitutionary, resorted to only when no better evidence can be obtained. The essential fact is the intention with which the use was accompanied. When the person using actually disavows any adverse intention, then we have no further use for presumptions.

2. If appellee claimed the right to use the passway adversely before he bought the Nall land, he must have claimed it either as a personal prescription through his ancestors, or as a prescription *que estate*. He does not claim through his ancestors at all, and this leaves him only a claim *que estate*. If his claim is *que estate* it is not severable from the estate, and having conveyed away the estate, his right has gone with it. Therefore, on a question of private right he has no standing.

L. A. FAUREST AND W. H. MARRIOTT, ATTORNEYS FOR APPELLEE.

It is well settled in this State that a continuous use of a passway by a land-owner as a means of access to his land for a period of fifteen years raises a presumption that it was used under a claim of right, and is sufficient to establish a prescriptive right to the passway unless it is shown by the owner of the servient estate that the use was permissive.

In this case we proved that this passway had been used by the owners of the land, now owned by appellee, continuously, notoriously and openly for at least fifty years, and there is no proof that any part of such use was permissive.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

This appeal involves the sufficient dedication of a public highway. Appellee claims that he, as a member of the public, has the right to use a certain designated passway over appellant's land. He also claims the right to use it as a pri-

vate passway. But the record shows that he has owned the adjacent land to which it is claimed as an appurtenant for only about five years. His vendor did not claim the right to use this passway, although he owned the land for fifteen years.

The doctrine in this State of acquiring private passways by prescriptive use, requires a continuous adverse user by the claimant, or by him and those under whom he holds, for at least fifteen years. O'Daniel v. O'Daniel, 88 Ky., 185, 10 R., 760, 10 S. W., 638. Appellee's standing is alone upon the claim of the right of the public, of which he is one. It is clearly established that the passway in question has been used by the public for purposes of neighborhood travel, for travel to and from a church, and for much of the time to and from a railway station and post-office, for more than fifty years. The use has been at the pleasure of the public, without let or hindrance from the owner of the servient estate, and by all means and for all purposes of travel. There are other roads that might be, and that frequently are, used by the public in passing between the same points. But this way is most traveled by a certain neighborhood to reach the points mentioned. The circuit court held that the passway was a public highway, used for such a length of time by the public as to raise a presumption of its dedication to the public by the original owner.

Counsel for appellant insists that the judgment is erroneous, because, he asserts, a right in the public can not be created by prescription; also that a dedication of a road to the public, to be valid, must first be accepted by public authority. Technically, prescription presupposes a grant. There can not, in fact, be a grant without some person in *esse* to take as the grantee. Therefore generally, when the term "prescriptive right" is used by the courts, it refers to the per-

sonal right to the use of real property which has been ac-
quired by the claimant, or some one under whom he holds,
and which has been created by operation of law.  If in fact
there was a grant by the owner of the fee, the grantee, and his
heirs and assigns, if it were a perpetual grant, or one for a
term of years, would hold according to its terms.  However,
from a continuous user under claim of right for such a length
of time, formerly where the memory of man ran not to the
contrary, but later for such time as was equivalent to the
statutory period of limitation applicable to real estate, the
fiction was adopted that the existence and loss of a grant
would be presumed by law.  It came first to be applied to
claims of individual or private rights.  It was deemed that
a grant "to the public" would be void for want of its com-
petency to take by grant.  Jones on Easements, section 422;
Washburne's Easements and Servitudes, p. 219.  Appellant
therefore questions certain opinions of this court where it
has  spoken  of  the  public's  having  obtained  the  right
to use a passway by prescription.  If the terms employed
were to be limited to their ancient use and meaning, the
criticism would not be inapt.  But they have long since
come to be used in describing the right of the public in such
passways, and how created; not alone by this court, but by
other courts and text-writers.  Appellant's very earnest ar-
gument that a right can not be created in the public by pre-
scription rests upon the narrowest employment of that term,
and is extremely technical.  But we understand him to con-
tend as well that long user by the public of a passway can
not create the right to continue the use, by whatever name it
may be called.  A highway is commonly understood to be a turn-
pike road, gravel road, or plank road, or the common thor-
oughfare established and maintained by public authority for
travel by the public generally.  Its establishment is by the ded-

ication of the land to the use of the public as a highway and its acceptance and use by the public for that purpose. Ordinarily, the dedication is by statutory proceedings, showing both the dedication and the acceptance. But it is not essential that the evidence of either should be established by the records. If the owner of the fee sets apart to the use of the public a passway over his land, intending to dedicate it to the public use, it is not required to be in writing. A dedication of land to public use may be by parol. Trustees of Dover v. Fox, 9 B. Mon., 201; McKinney v. Griggs, 5 Bush, 405, 96 Am. Dec., 360; Griffey v. Bryars, 7 Bush, 473; Hall v. McLeod, 2 Metc., 104, 74 Am. Dec., 400; Beall v. Clore, 6 Bush, 677; Spurrier v. Bland (20 R., 1340), 49 S. W., 467; Wickliffe v. City of Lexington, 11 B. Mon., 155. It is sufficient if his intention and express act are clear and coincide. In that event the dedication will be effective immediately upon its acceptance by the public. Elliott on Roads and Streets, 127. If, however, there is not an express dedication, but the owner suffers the public to use the passway, knowing it is claiming it as a matter of right, the law presumes a dedication to the public, and presumes the dedicator's intention to be in accord with the public's use. This does not depend upon whether there has in fact been an actual dedication to the public, but it is founded upon the principals of estoppel *in pais*. If the real owner suffer the public generally to so use his land as a passway, under a notorious claim of right, for a great length of time, whereby others may have been induced to buy property in that vicinity relying upon the apparent right of the public to use this passway, and by which the purchase price of their lands may have been affected, it is unfair that the owner should be permitted to gainsay the truth of it. The law operates upon his conscience, and makes effectual that which he has suffered for so

Riley v. Buchanan.

long to appear to be so, by raising the conclusive presumption that he has actually done what he allowed the public to believe he had done—dedicated the passway to the use of the public. Elliott on Roads and Streets, 132; Jones on Easements, 422. A dedication by the owner to the public use is not alone sufficient. A dedication sometimes imposes burdens upon the public as well as grants privileges. It would not do to allow one of his own volition merely to thus impose an onerous burden upon an unwilling public. It is therefore necessary that there should be an acceptance by the public as well as a dedication by the owner. As already indicated, this acceptance may be signified by the action of those officials whose duty it is to represent the public in those matters. A formal order upon the records of the proper official body would, of course, be the most satisfactory manner of acceptance. But much less may be equally effective. As, for example, it has been held, the appointment of overseers, the allotment of hands, or the maintenance of the highway at the public expense are sufficient evidence of the acceptance. Commonwealth v. Abney, 4 T. B. Mon., 479; Gedge v. Commonwealth, 9 Bush, 64; Greenup Co. v. Maysville & B. S. R. R. Co. (14 R., 699), 21 S. W., 351; L., H. & St. L. R. R. C. v. Commonwealth, 104 Ky., 35, 20 R., 371, 46 S. W., 207. The cases from this court cited just above all raised the question of acceptance of public roads by implied dedications by long user, where it was shown that the county officials had by some overt act, and generally of record, recognized and adopted the dedicated highway as a public road. In none of these cases does it seem that the question has been raised whether a sufficient acceptance on behalf of the public might have been by any other method than those just mentioned. A number of officially unreported cases decided by this court have assumed that it

could. Gatewood v. Cooper, 18 R., 869, 38 S. W., 690; May v. Blackburn, 15 R., 705, 25 S. W., 112; Burch v. Blair, 19 R., 641, 41 S. W., 547; Potts v. Clark, 23 R., 332, 62 S. W., 884; Wright v. Willis, 23 R., 565, 63 S. W., 991; the Eastern Cemetery Co. v. City of Louisville, 13 R., 279, 15 S. W., 1117.

These cases are criticised by counsel for appellant, and claimed to have been not well considered, and in conflict with those reported cases holding an acceptance by the public authority to be essential to the complete dedication of a public road. That an acceptance of a public highway—as distinguished by some eminent authorities from a mere public passway—may be by acts less than the recognition of the dedication by an order of record, or by the appointment of overseers, or the allotment of hands by the county court, or the expenditure of public funds to keep them in repair, there is abundant authority. Of this Jones on Easements (section 449) says: "Such acceptance, however, need not be formal, but may be shown by circumstances, such as long-continued use by the public, by improvements or repairs of the way, by grading, macadamizing, building, or the like, or by the taking charge of the road by the proper public officials. Where there has been a dedication of the highway, and this appears to be beneficial to the public, acceptance will be presumed from slight circumstances." Same, section 450: "In some cases an acceptance by the public of land dedicated to use as a highway has been established by use alone, without any action on the part of the municipal officers." The Supreme Court of Wisconsin, in Buchanan v. Curtis, 25 Wis., 99, 3 Am. Rep., 23, held that an acceptance of a highway dedicated by implication would be presumed from the travel upon it by the public for such a time and to such an extent as to show that the public convenience and accommodation require the road. The rule is the same in Missouri. In Bauman v.

Boeckeler, 119 Mo., 189, 24 S. W., 207, the Supreme Court said that there must be an acceptance of the dedication by the public "either by user for a length of time more or less according to circumstances, or by its adoption by the public authorities." Brinck v. Collier, 56 Mo., 164; Kansas City Milling Co. v. Riley, 133 Mo., 574, 34 S. W., 835. In Washburne's Easements and Servitudes, 219, it is declared upon authority that: "Length of enjoyment may be regarded when the evidence of a dedication having been made depends on user by the public of the thing dedicated. But, as all that is requisite to constitute a good dedication is that there should be an intention and an act of dedication on the part of the owner and an acceptance on the part of the public, as soon as these concur, the dedication is complete. Ordinarily, there is no other mode showing an acceptance by the public of a dedication than by its being made use of by them, and this must be sufficiently long to evince such acceptance." Judge Elliott, in his work on Roads and Streets (page 117) says: "There has been much diversity of opinion as to whether user by the public will amount to an implied acceptance, and cast the burden of maintenance upon the local government. . . . This uncertainty is removed by the later authorities, and it may now be considered as the prevailing opinion that an acceptance may be implied from a general and long-continued use by the public as of right." In Manderschid v. City of Dubuque, 29 Iowa, 73, 4 Am. Rep., 196, the Supreme Court of Iowa, in applying the same doctrine, said: "It is probably the settled doctrine in England that no formal acceptance, other than public use, is necessary in order to make the dedication of a highway effectual. See Angell on Highways, section 158. While this rule is not uniformly recognized in this country, yet it is believed that the weight and prevailing current of authorities support it." (Quite an ar-

ray of cases, cited in support of the statement.)   The rule in Connecticut is that the convenience to the public of a highway in question, coupled with use by the public, when dedication is sufficiently shown, will support a presumption of acceptance.   Green v. Canaan, 29 Conn., 157; Guthrie v. New Haven, 31 Conn., 308.  A number of other cases examined, and which support the general doctrine of an acceptance by the public being presumed from its long-continued use of the highway, are appended.   Cook v. Harris, 61 N. Y., 448; People v. Loehfelm, 102 N. Y., 1, 5 N. E., 783; Ross v. Thompson, 78 Ind., 90; Steele v. Sullivan, 70 Ala., 589; Eureka v. Croghan (Cal.) 19 Pac., 485; Carter v. City of Portland, 4 Ore., 339; Commonwealth v. Moorehead, 118 Pa.,' 344; 12 Atl., 424, 4 Am. St. Rep., 599; Warren v. Jacksonville, 15 Ill., 236, 58 Am. Dec., 610; Grube v. Nichols, 36 Ill., 92; State v. Fisher, 117 N. C., 733, 23 S. E., 158; Buchanan v. Curtis, 25 Wis., 99, 3 Am. Rep., 23; Attorney General v. Abbott, 194 Mass., 323, 28 N. E., 346, 13 L. R. A., 251; Smith v. Flora, 64 Ill., 93; Los Angeles Cemetery Co. v. Los Angeles (Cal.) 32 Pac., 240; Harrison Co. v. Seal, 66 Miss., 129, 5 South., 622, 3 L. R. A., 659, 14 Am. St. Rep., 545; Bauman v. Boeckeler, 119 Mo., 189, 24 S. W., 207; Kansas City Milling Co. v. Riley, supra; Pomfrey v. Village of Saratoga Springs, 34 Hun., 607; Porter v. Village of Attica, 33 Hun., 605; State v. Eisele (Minn.) 33 N. W., 785.   There are but few cases which we have found to the contrary, especially of modern promulgation.   Among these are Commonwealth v. Kelly, 8 Grat., 632; Mayberry v. Inhabitants, etc., 56 Me., 342; Bowers v. Suffolk, etc., Co., 4 Cush., 332.

The former opinions of this court do not necessarily hold that an acceptance by long-continued use alone by the public of a highway in question would not be a sufficient acceptance. In Gedge v. Commonwealth, supra, which was an indictment

for obstructing an alleged highway, the court found as a mat-
ter of fact that the supposed highway had never been used
as such by the public. What the court decided was that an
acceptance "either express or by implication" was necessary
to constitute the way into a public street. Greenup Co. v.
Maysville & B. S. R. R. Co., 14 R., 699, 21 S. W., 351, was
an indictment for obstructing a public road. As to how the
road might be dedicated, the court said: "It seems to be set-
tled that a grant of a right of way and its acceptance by the
proper authority and in the proper manner will be conclusive-
ly presumed from an uninterrupted and adverse use by the
public as a right, and not the effect of indulgence or per-
mission for the period of fifteen years or more." The cases
of Gedge v. Commonwealth, supra, and Wilkins v. Barnes,
1 R., 328, 79 Ky., 323, were cited in the opinion. L., H.. &
St. L. Ry. Co. v. Commonwealth, supra, was also an indict-
ment involving the question of the establishment of a public
highway by common-law dedication. Although the court
found that the county court had appointed overseers over the
road and had allotted hands to work it, the court took occasion
to say:. "A continued, uninterrupted, and adverse use of
a highway as such by the public, as a right, for the period
of fifteen years, creates a conclusive presumption of dedica-
tion and acceptance of it."

·   But it is urged that the case of Wilkins v. Barnes, supra,
is in conflict with the doctrine being discussed; that it ex-
pressly decides that an acceptance by the public officials by
some overt official act indicating a purpose to accept the road
is necessary. Gedge v. Commonwealth and Commonwealth
v. Kelly, supra, are mainly relied on as authorities. What-
ever may have been the extent of the court's views in that
opinion, it is clear that beginning with Eastern Cemetery
Co. v. City of Louisville, supra, and Greenup Co. v. Mays-

ville & B. S. R. R. Co., supra (decided in 1891 and 1893), it has never since been applied with the same strictness. It is not in accord either with the weight or current of the authorities. Nor do we believe it is, in its extremity, sound in principle. As all highways are established for the public, to meet their demands and necessities in traveling, it ought to be that they should be permitted to accept a dedication of a roadway given to them by grant, if they deem it to their interest to do so. The statutory method of opening new roads is better suited, if not intended, for cases where there may be objection to the proceeding on the part of the landowner, or where his grant is involuntary, and a condemnation must be resorted to. On the other hand, if the owner sees proper to voluntarily grant or dedicate a right of way to the public, and if it is necessary to the public travel, and accepted and used for that purpose, we can not see that it should be either denied or discouraged. The fact that such a road is persistently and generally used by the public for a great number of years proves its necessity. That the public officials—in this State the fiscal and county courts—should have it in their exclusive power to deny the public the right to accept the road by merely neglecting to provide for its maintenance by having hands allotted to keep it up, the hands being generally those members of the public most interested in it, or by refusing or failing to note their approval by an order on their records, is not reasonable. As a matter of fact, the road may not need work or repair. Why should the county officials be compelled to do a vain thing, then, in allotting hands for the purpose?

We feel constrained by reason and authority to hold that, while an acceptance by the public is essential to a complete dedication of a public highway or passway, the acceptance may be either by formal ratification by the proper official

board of the municipality; or by implication by it, where it takes charge of the road by directing improvements on behalf of the public, or otherwise by overt act recognizing it as a public road; or it may be by the public by such protracted and continued use as to clearly indicate its acceptance, when the road dedicated is a benefit to the public and not a burden. In the last-named state of case, a formal acceptance by the proper legal authority will be conclusively presumed to have taken place.  Should the road become a burden to the public, it may be discontinued in the method pointed out by the statutes.

It is claimed in argument that the road passes through "woodland," and that therefore the public does not acquire a right by its use for whatever length of time it may have been continued.  While it is true that a part of the road is shown to pass through a woodland, it is not shown that this woodland is not inclosed.  From all the evidence it seems probable that it is.  Ordinarily, the use by the public of a passway through uninclosed woodland is deemed to be by permission of the owner, and not to be adverse to his title.  Wilkins v. Barnes, supra.  But this may or may not be so, according to circumstances.  May v. Blackburn, supra.  There is no apparent reason for extending the exception as to uninclosed woodland to this case.

Perceiving no error in the record, the judgment of the circuit court is affirmed.

Petition for reharing by appellant overruled.