[No. 11546. In Bank. — December 13, 1886.]

A. B. F. BABCOCK, APPELLANT, *v.* C. WELSH, RESPONDENT.

HIGHWAY — MISTAKE IN VIEW AND SURVEY — CORRECTION OF. — The board of supervisors of a county have no jurisdiction to correct a mistake in the view and survey of a public road which has become a highway, except by a proceeding under the Political Code to alter or change the road.

ID. — PROCEEDING TO ALTER HIGHWAY. — In the year 1875, the *locus in quo* was condemned for the purposes of a public road. By a mistake on the part of the viewers, the road was actually located and opened across the land of the plaintiff at another place, and was so used by the public without any objection by the plaintiff for about ten years. In 1885, the board of supervisors commanded the defendant as road overseer to open the road to the public on its true line. *Held*, that the road as located had become a public highway, and could not be altered except by a proceeding brought for that purpose.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion of the court.

*H. V. Reardan*, for Appellant.

*Hundley & Gale*, and *John C. Gray*, for Respondent.

McKEE, J.—This action is brought by plaintiff as owner in fee and in the actual possession of a tract of inclosed land in Butte County, to enjoin the defendant from taking down his inclosure and entering upon the land for the purpose of opening upon it a public road.

By his answer to the complaint, the defendant admits that he claims the right to enter upon the plaintiff's land for that purpose; and that unless enjoined by the court he will enter upon it in pursuance of an order made by the board of supervisors of Butte County on the eleventh day of April, 1885, which commands him, as road overseer of the district in which the land of plaintiff is situated, " to remove all obstructions on a road as originally established and declared a public highway, and to open the same."

It is found as fact, that on the 3d of November, 1875, a strip of land thirty feet wide within the inclosure of the plaintiff was condemned for a public road; that the condemnation was made in a proceeding commenced for that purpose by the plaintiff himself and other real property owners, and that compensation was duly awarded and paid to the plaintiff for the land which was to be taken from him for the road.

In law, payment of the compensation awarded vested in the public the right of way over the land; and under the law, the public, acting by its authorized agents, had the right to proceed to locate and open the road upon the land, and in the execution of that right to remove any obstructions which might be upon it. (Pol. Code, sec. 2631.)

But the road was never in fact located and opened upon the land. The fact is, as the court finds, that the strip of land within the plaintiff's inclosure which was intended to be taken for the road was situated south of a line "between sections 6 and 7 and 5 and 8, to the northeast corner of the northwest quarter of the north-

west quarter of section 8, township 17 north, range 4 east, M. D. M.," and "has never been opened, used, worked, or traveled as a highway except at a point on the east terminus of said line."

The reason why the road was not opened and located upon the land is, that the viewers appointed in the condemnatory proceedings laid out and opened the road on a strip of land thirty feet wide from "a point on the township line between ranges 3 and 4 east, about nine rods north of the line of road petitioned for, and thence running east, inclining south, until it intersected the section line between 5 and 8 in said township and range"; and it is contended that the location was a mistake.

But the road, as laid out and opened by the viewers, has been used and traveled by the public as the true road since November, 1875, and has been graded and kept in repair by the road overseer of the district in which it is situate as part of the public highway. No objections have ever been made by the owners of the land over which the road runs to the public use; and as it has been used and traveled by the public for more than ten years, the legal presumption is that the owners abandoned the possession of the land for the road, and therefore the road established upon the land is the public highway. "Public highways," as defined by the code law, are "roads, streets, alleys, lanes, . . . . laid out or erected as such by the public, or, if laid out and erected by others, dedicated or abandoned to the public." (Pol. Code, sec. 2618.)

A highway thus created continues to exist until it is vacated or abandoned by order of the board of supervisors of the county in which it is situated, or by operation of law or judgment of a court of competent jurisdiction. (Pol. Code, secs. 2619, 2621.) Or it may be changed, altered, or discontinued in the mode prescribed by article 6, chapter 11, of that part of the Political Code which

regulates the subject of highways in the counties of the state. (Pol. Code, secs. 2681 -2692.) But there was no proceeding commenced under that law for changing, altered, or discontinuing the road. After discovering by a survey of the lines of the road made in 1885 that the road, as it has been used and traveled for over ten years, was originally located and opened by mistake of the road viewers, it was attempted to have the supposed mistake· corrected, by having the road relocated and re-opened upon the true line as disclosed by the survey.

But boards of supervisors have no jurisdiction of a proceeding to correct a mistake in the view and survey of a public road which has become a highway. They have only such jurisdiction and general supervision over roads within their respective counties as are given them by section 2643 of the Political Code. The order of the 11th of April, 1885, by which the board of supervisors commanded the defendant, as road overseer, to open said road to the public on its true line, was therefore in excess of the jurisdiction of the board, and conferred no authority on the defendant to enter upon the plaintiff's inclosure for the purpose of locating and opening upon plaintiff's land a new road in place of the road which has been opened and used for ten years as the highway.

Judgment reversed and cause remanded.

MYRICK, J., McKINSTRY, J., SHARPSTEIN, J., and MORRISON, C. J., concurred.