[No. 13631.    Department Two. — February 1, 1892.]

## GEORGE W. PATTERSON, RESPONDENT, *v.* EMORY MUNYAN, APPELLANT.

ROAD — BOUNDARY — ACTUAL LOCATION — PUBLIC USER — CHANGE BY ROAD OVERSEER — CORRECTION OF MISTAKE — REMOVAL OF FENCE — TRESPASS. — Where a road was opened by the proper authorities of the county, and laid out on the ground so as to exhibit its actual locality as used by the public, and was allowed to be so used for more than ten years, an owner of land who built his fence upon the line of the road as thus actually laid out and used may maintain an action of trespass against the road overseer for an attempt to change the line of the road by the removal of his fence to correct an alleged mistake in the location.

ID. — ACQUIESCENCE OF OWNER OF LAND — PRESUMPTION — ABANDONMENT — PUBLIC HIGHWAY. — Where a road has been used and traveled by the public for more than ten years without objection by the owners of the land over which the road runs, the legal presumption is, that the own-

ers have abandoned possession of the land for the road, and that the road so established upon the land is a public highway.

ID. — CONTINUANCE OF HIGHWAY. — A highway thus created continues to exist until it is vacated or abandoned by order of the board of supervisors of the county in which it is situated, or by operation of law or judgment of a court of competent jurisdiction.

ID. — ESTABLISHMENT OF BOUNDARY — TRUE PUBLIC ROAD — POWER OF ROAD AUTHORITIES — CORRECTION OF MISTAKE. — Where the line of a road is once established, even through mistake, and the road so located is abandoned to and used by the public until it becomes the true public road, neither the board of supervisors nor the road overseer of the county in which it is situated have authority to correct such mistake by having the road relocated upon another boundary line.

ID. — ESTOPPEL — RECEIPT OF DAMAGES — INTENT OF SUPERVISORS — LOCATION OF FENCE UPON ACTUAL ROAD. — The owner of land adjacent to a public road actually laid out and used by the public for many years is not estopped from denying the boundaries of the road as originally intended by the board of supervisors merely because he received damages for the opening of the road; but he has a right to consider the road as actually located and used the true public road, and to establish his fence accordingly, and hold the land inside it.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion.

*T. C. Huxley, S. P. Hall,* and *George W. Reed,* for Appellant.

*Horace W. Philbrook,* for Respondent.

FOOTE, C. — This action was brought to recover damages for an alleged trespass upon the land claimed by the plaintiff to be owned by him and in his possession. The plaintiff obtained judgment for one dollar and costs, from which, and an order refusing a new trial, defendant has appealed.

The first contention urged by appellant for the reversal of the judgment and order is: That the burden of proof showing the location of the northwesterly line of a certain highway (No. 520), which was the boundary between the plaintiff's land and the highway, was thrown upon the plaintiff, and that he failed to make sufficient

proof of that fact, and a nonsuit should have been granted, instead of being refused.

Even if it be conceded, without deciding, that the burden of proving this boundary line was thrown upon the plaintiff, we think he has done so, and the nonsuit was properly denied.

, The wrongful act complained of was, that the defendant had entered upon the plaintiff's premises, and had removed and destroyed a part of his fence.

The defendant admitted that, as a road overseer, he had removed the fence, but justified his act on the ground that he was in the performance of an official duty in removing an obstruction which encroached upon a public highway.

The vital question involved in the controversy is, whether the land upon which the fence stood is within the public road, or without its limits. The evidence showed, as we think, sufficiently, that the road as opened by the proper authorities of the county, and laid out on the ground so as to exhibit its actual locality as used by the public, and allowed so to be used for a great number of years by the original owners thereof, was always the same. It further appeared that this road, which was, at all events, by dedication and user a public road, whether the proceedings had by the supervisors of the county to make it such were legal or not, was the actual road, which the plaintiff acknowledged as such, and built his fence so as not to encroach upon it. So that the claim made in the complaint that the plaintiff's land, in his possession, was intruded upon is true. And that it is not in the road as laid out and used by the public is also true, according to the evidence. And the allegation of the answer that the alleged trespass, as committed, was not on the plaintiff's premises, but in the road, was not proved.

It is not denied by the defendant that the title of the plaintiff and his rightful possession of the land set out in the complaint existed as to all land which was not in the public road, and that his land came up to and ad-

joined this public road wherever it was upon the side thereof from which the fence was taken. So that if the proof showed that the land invaded was adjoining the public road, but not in or on it as dedicated to and used by the public, no right existed by means of which the defendant was justified in removing and destroying the fence. And the plaintiff, when he showed, as he did, where the public road was actually located on the ground, and dedicated and used as such without reference to any proceedings by the board of supervisors to locate and bound it, demonstrated also where the true boundary of the *true* road was, which carried with it the proof of the boundary of his land by that road.

No objections have ever been made by the owners of the land over which the road runs to the public use; and as it has been used and traveled by the public for more than ten years, the legal presumption is, that the owners abandoned possession of the land for the road, and therefore the road established upon the land is the public highway. "Public highways," as defined by the code, "are roads, streets, alleys, lanes . . . . laid out or erected as such by the public, or if laid out and erected by others, dedicated or abandoned to the public." (Pol. Code, sec. 2618.)

"A highway thus created continues to exist until it is vacated or abandoned by order of the board of supervisors of the county in which it is situated, or by operation of law or judgment of a court of competent jurisdiction." (*Babcock* v. *Welsh,* 71 Cal. 402; Pol. Code, secs. 2219--2621.)

The line being once established, even through mistake, and the road thus located having been abandoned to and used by the public until it became the true public road, the board of supervisors had no authority, nor could the defendant correct that mistake in the way he endeavored to do. (*Babcock* v. *Welsh,* 71 Cal. 403.) And he became guilty of the trespass complained of. It makes no difference in this case whether the attempted establishment of the road by the board of supervisors,

in the steps taken by the viewers and the surveyor under the act of 1862, page 78, were proper or not, although it seems to us that they were so irregular as to give the board no jurisdiction to establish it. Therefore there was no error on the part of the trial court in refusing the admission in evidence as to what was done in the matter.

There was no need to find whether the plaintiff was estopped to deny the boundaries of the road as intended by the board of supervisors, by his receiving damages for the opening of the road. The road was opened and used, and became a public road where located on the ground, and it was no fault of his that the mistake was made in locating it. He was not estopped to consider the public road as located and used the *true* public road, and to establish his fence accordingly, and hold the land inside it.

The evidence supported the findings, and the findings as made rendered any others unnecessary.

The facts of this case do not bring it within the rule laid down in *Watkins* v. *Lynch*, 71 Cal. 26. That was not a case where it was attempted to claim under the statute of limitations land *outside* of a road established by the user. It was a case where it was claimed that land inside of the dedicated line of the road as used might be claimed under the statute of limitations as being abandoned by the public. Nor is it attempted here to claim the land trespassed upon under that statute as having been abandoned. For it never was used by the public, but the road was established, dedicated, and used outside of its limits. By preference the public had used land as the road which did not include the plaintiff's land.

As was said in *Hayward* v. *Manzer*, 70 Cal. 481: " Any right the public or the defendants may have had to use the land in dispute . . . . was never availed of." The effort of the plaintiff here is not to claim any portion of the land which ever became a part of the public road. It is to obtain damages for a trespass on land in his

rightful possession which has never been dedicated, used, or established as part of the public road. The effort to devote this land to a public use and the trespass committed was unauthorized.

The answer of the defendant, as we read it, admitted the trespass, if the land in dispute was not a part of the public road, and we have seen that it was not. Therefore no evidence was necessary to establish the trespass, except that the plaintiff's land was the place from whence the fence was torn down, and not the public road. And if evidence was improperly admitted as to any other part of the plaintiff's fences, it could have worked no prejudice under the facts, findings, and judgment.

We perceive no prejudicial error in the record, and advise that the judgment and order refusing a new trial be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order refusing a new trial are affirmed.