ANTON CARLSON, *Appellant,* V. J. B. ALLEN et al.,
*Appellees.*

No. 17,858.

SYLLABUS BY THE COURT.

1. TRIAL—*Questions of Fact Submitted to Court—Jury is Waived.*
During a trial the judge asked what there was in the case for a
jury to settle. The plaintiff's attorney answered that there
was a question of damages. The judge then said that he
would submit the question of damages to the jury and would
decide the other questions himself. No objection was made to
this proposal, and the court, also without objection, submitted
to the jury only the question of what the amount of recovery
should be, first, in case the plaintiff was right in his principal
contention, and second, in case he was wrong. *Held,* that the
plaintiff waived the right to have any other issues submitted
to the jury.

2. HIGHWAY—*Fence Recognized as Line for Fifteen Years—
Width of Road Established.* Where the owner of land border-
ing upon a highway, the legal width of which is forty feet, sets
out a hedge, intending to mark the line so as to show a greater
width, and the strip so marked is used as a road by the public
for fifteen years, a highway of the width indicated results,
notwithstanding the hedge is not maintained throughout the
entire distance for all of that time.

3. ——— *Township May Recover Damages to Road by Land-
owner.* A township is entitled to recover from an individual
an amount which it has necessarily expended in making re-
pairs to a highway which were occasioned by his wrongful act.

Appeal from Franklin district court; CHARLES A.
SMART, judge. Opinion filed October 11, 1913. Af-
firmed.

*F. A. Waddle,* of Ottawa, for the appellant.
*Ralph E. Page,* of Ottawa, for the appellees.

The opinion of the court was delivered by

MASON, J.: Anton Carlson built a fence upon what
he asserted to be the line between his land and a public
highway. The township trustee, contending that the

fence stood in the highway, tore it down. Carlson sued the trustee personally for damages. The trustee answered, justifying his conduct. The township was made a party and recovered a judgment against the plaintiff for the amount expended in restoring the highway to condition—in making repairs occasioned by such fence and by a ditch dug by the plaintiff. The plaintiff appeals.

The plaintiff relied upon the fact that when the road was originally laid out, in 1867, no record was made of its width, arguing that the statute fixed the width at forty feet. (*Willis v. Sproule,* 13 Kan. 257.) The defendants relied upon evidence that a former owner of the land had set out and maintained a hedge intended to mark the line of the highway, and that the road as so marked had been used by the public without interruption for twenty-five or thirty years. The evidence was sufficient to support the judgment, because it justified a finding that, assuming the statutory proceedings to have resulted in the establishment of a road of but forty feet in width, a wider one was created later by dedication and acceptance, or prescription. (37 Cyc. 40, 41; see, also, *City of Newberg v. Kienle,* 60 Ore. 486, 120 Pac. 3.) It appears that the hedge had not been kept up for the entire distance for which the plaintiff's land bordered upon the road, a small gap having existed for some time. The setting out of the hedge, and the use as a road of a strip of ground of the indicated width, afforded sufficient evidence of a purpose on the part of the owner to dedicate, and on the part of the public to accept, a highway of that width for the full distance, notwithstanding any gaps that were suffered to exist, in the absence of anything further to suggest an intention that the width of the highway should be variable.

A specific complaint is made that the question of the width of the road was not submitted to the jury. During the progress of the trial the judge inquired

what there was in the case for a jury to settle, and the plaintiff's attorney replied: "There is the question of damages." The judge responded: "Well, if you will introduce your evidence as to damages I will submit the question of damages to the jury and decide the rest of the case myself." The subsequent proceedings were consistent with the plan so suggested. The court submitted to the jury but two questions, requiring them to find the amount the plaintiff was entitled to recover if he was right, and the amount the township was entitled to recover if he was wrong. This was done seemingly without any objection by the plaintiff, and without any request for the submission to the jury of any further issues. The plaintiff must be deemed to have waived any right he would have otherwise had in this respect. (*Cunningham v. City of Iola,* 86 Kan. 86, 119 Pac. 317; *Hockett v. Earl,* 89 Kan. 733, 133 Pac. 852.)

A further complaint is made of an instruction that the plaintiff could not recover anything with respect to a hog said to have been lost by reason of the removal of the fence. As the jury were required to find only the amount of injury, and as the court decided that the plaintiff was wrong in his principal contention, no prejudice could have resulted from this ruling, even assuming it to have been erroneous.

The record of the judgment appealed from contains this language:

"Wherefore, it is hereby adjudged that the line upon which the hedge fence has heretofore stood and now stands is the north boundary of the public highway above described, and that all the land above described lying south of said line constitutes a portion of the public highway as far as such fence extends, and the intermediate points where such hedge fence has been removed, the same shall constitute one continuous line from the west end of said hedge to the east end of said hedge fence together with line produced easterly from said line of hedge fence constitutes the remaining south line of said farm to the east line of said farm and that

the same constitute the north boundary of said public highway, where no fence now stands."

The appellant construes this as a decree attempting to create a highway where none had previously existed. As appears from a consideration of the entire record, the portion quoted merely expresses a decision and determination that as a matter of fact the land in controversy had already become a part of the highway by the action of the owner and the public.

The plaintiff also contends that as the owner of the fee he had a right to dig the ditch referred to, even admitting it to be upon the highway. The finding of the jury must be taken to establish that the ditch was an obstacle to travel which the township officers were authorized to remove, if it was in fact within the bounds of the highway. A final contention is that the township has no right of action by reason of injuries to a county road, none being given it by statute. But no reason is apparent why the township should not recover from the plaintiff the amount it necessarily expended in repairing defects in the highway which were occasioned by his misconduct. (37 Cyc. 252.)

The judgment is affirmed.