Appeal from Third District.

## PUBLIC UTILITIES COMMISSION OF UTAH v. JONES.

No. 3340.   Decided March 19, 1919.   (179 Pac.  745.)

1.  HIGHWAYS—PUBLIC SERVICE COMMISSION—"PUBLIC HIGHWAYS."
    In a proceeding by the Public Utilities Commission to enjoin
    the operation of an automobile stage line by one not granted
    a certificate of convenience and necessity, it is not incumbent
    upon the commission, in order to make out a prima facie case,
    to introduce testimony to show dedication of roads in question
    under Comp. Laws 1917, section 2801, nor filing by county com-
    missioners of a plat under section 2808, nor to do more than
    show their general use by the public for travel, in view of
    section 4782, subds. 13, 14, 28, and sections 4798 and 5845;
    "public highways," within the meaning of the legislative act
    creating the Public Utilities Commission, being used in its
    broadest sense to include any way in general use by the public.
    (Page 114.)

2.  PLEADING—ADMISSION IN ANSWER—ESTOPPEL.  In a proceeding
    by the Public Utilities Commission to enjoin the operation of
    an automobile stage on alleged highways by one without a per-
    mit, defendant, having by his answer claimed right to use such
    highways by virtue of issuance to another, of a certificate of
    convenience and necessity, in effect admitted the roads to be
    legal highways, and is estopped from claiming them to be other-
    wise.   (Page 118.)

Appeal from the District Court of Salt Lake County, Third
District; *Hon. H. M. Stephens*, Judge.

Proceeding by the Public Utilities Commission of Utah
against Parley Jones.

Judgment for defendant.   Plaintiff appeals.

REVERSED and REMANDED.

*Dan B. Shields*, Atty. Gen., and *O. C. Dalby* and *Herbert
Van Dam, Jr.*, all of Salt Lake City, Asst. Attys. Gen., for
appellant.

*King, Straup, Nibley & Leatherwood* of Salt Lake City,
for respondent.

CORFMAN, C. J.

The plaintiff, the Public Utilities Commission of Utah, hereinafter referred to as the Commission, commenced this action in the district court of Salt Lake county to enjoin the defendant from operating an automobile stage line carrying passengers for hire over certain routes or roads between Bingham Canyon and the Highland Boy mine and between Bingham Canyon and Copperfield, in Salt Lake county.

The complaint, in substance, alleged: That on the second day of July, 1918, one Eugene Chandler filed with the Commission his petition in writing for leave to operate an automobile stage line between Bingham Canyon and the Highland Boy mine and between Bingham Canyon and Copperfield, and that on July 30, 1918, after public hearing on said petition, an order was made by the Commission granting unto the said Eugene Chandler a certificate of convenience and necessity to establish an automobile stage line route between said points, over certain public streets, roads, and highways in Salt Lake county, and authorizing said Eugene Chandler to operate the same for the transportation of passengers between said places; that no other person, company, corporation, or association has been granted a certificate of convenience and necessity or has been authorized to operate a stage line or carry passengers between said points, and that no other person, company, corporation, or association has filed with the Commission a schedule of rates, fares, charges, or classifications, or caused the same to be published; that the defendant, disregarding the order so made by the Commission, has undertaken to, and now does, operate an automobile stage line, for the purposes aforesaid, over said routes so established by the Commission without any authorization from the Commission, and that the defendant disregarding the frequent requests and demands to cease such operation, refused to desist therefrom.

The answer, in substance, admits the order was made by the Commission permitting Chandler to operate the automobile stage line for hire, and denies generally the other allega-

tions of the complaint. The answer also affirmatively alleges that on or about July 2, 1918, Eugene Chandler and the defendant were operating auto stages for hire over said routes, and that said Chandler requested the defendant to permit him, the said Chandler, to get a permit in his own name from the Commission, and agreed that they would hereafter operate the autos owned by said Chandler and the defendant together over said routes; that it was in pursuance of such an understanding on the part of the Commission, as well as on the part of said Chandler, and the defendant, that said permit was applied for and issued; that since the issuance of the said permit the said Chandler has refused to enter into any copartnership arrangement for the operating of said auto stage lines, and the said Chandler has instigated this suit for the purpose of preventing defendant from operating his autos and participating in the profits to be derived from operating such stages over said routes.

Trial was to the court. At the conclusion of the testimony on behalf of the Commission defendant moved for and was granted a nonsuit upon the ground that it was requisite to prove, and the evidence failed to show, the existence of a public highway, as defined by the Utah statutes, between the points designated in the complaint. Briefly stated, the Commission contends that the granting of the nonsuit was error for the following reasons:

(1)  That the defendant was estopped by his own pleadings from denying that the roads in question are public highways.

(2)  That the routes in question were sufficiently proved as public highways for the purposes of this case.

The record shows it to be an admitted fact that on July 2, 1918, an order was made by the Commission granting to the said Eugene Chandler a certificate of convenience and necessity to operate a stage line between the points mentioned. The testimony in behalf of the Commission further shows beyond any dispute that the routes or roads mentioned in the complaint between the points designated then were, and had been for many years, in general use by the public, and that there are no other roads or routes between said points. The

testimony for the Commission is also conclusive, and the facts are admitted, that while the roads have been from time to time, at certain places, changed, a continual passageway has always been open, maintained, and extensively used for public travel between the designated points. The testimony also shows that since the issuance of the permit by the Commission to Chandler the defendant has used these roads in operating autos for hire over them, making as many as ten or twelve trips in a day; that the defendant had made no application for a certificate of necessity and convenience for leave to operate an automobile stage line between the designated points, nor had he ever filed a schedule of rates or fares to be charged by him over said routes.

Defendant contends, and the trial court ruled in nonsuiting the Commission, that there was a failure of proof on the part of the Commission for the reason that it failed to establish by the evidence that the roads in question have been created or established public highways within the meaning and as required by the statutes of our state.

"Highways" are defined by Comp. Laws Utah 1917, section 2800, as follows:

"In all counties of this state, all roads, streets, alleys, lanes, courts, places, trails, and bridges laid out or erected as such by the public, or dedicated or abandoned to the public, or made such in actions for the partition of real property, are public highways."

Section 2801 provides:

"A highway shall be deemed to have been dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of ten years."

Section 2808 reads:

"It shall be the duty of the board of county commissioners in each county * * * to determine all public highways existing in its county and to prepare plats and specific descriptions of the same * * * which shall be kept on file in the office of the county clerk."

The Commission in the case at bar failed in its effort to prove a dedication as provided for in section 2801, supra, and also failed to produce a plat designating the roads in question as public highways in accordance with the provisions of section 2908, supra.

Let it be conceded that the Commission failed in its proof to meet the requirements of the sections of the statutes above cited; the question then arises: Is not the Commission entitled under the showing made to the relief prayed for in its complaint?

The Attorney General contends that, for the purpose of exercising the powers of the Commission, the statutory definition of public highways and the statutes providing as to how highways may be dedicated or created do not apply, but rather the rule of law relative to public highways in general should be invoked, citing 13 R. C. L. page 17, section 5, where the general rule is stated thus:

"The term 'public highway', in the broad ordinary sense, covers every common way for travel by persons on foot or with vehicles rightfully used on highways, which the public have the right to use either conditionally or unconditionally, and thus may include turnpike and toll roads, lanes, pent roads, crossroads, and even railroads and platform approaches thereto, and street railways. When appearing in a general law, it will ordinarily be regarded as having been used by the Legislature in its general sense. In a limited sense, however, the term means a way for general travel which is wholly public, and it may be restricted to this sense by the subject-matter of the statute in which it is employed. A railroad is not a public highway in the strict or limited sense of the term."

The rule is similarly stated by Elliott in his work on Roads and Streets, vol. 1, page 4, section 3, as follows:

"If a way is one over which the public have a general right of passage, it is, in legal contemplation, a highway, whether it be one owned by a private corporation or one owned by the government, or a governmental corporation, and whether it be situated in a town or in the country. No matter whether it be established by prescription or by dedication, or under the right of eminent domain, it is a highway if there is a general right to use it for travel. The mode of its creation does not of itself invariably determine its character; for this, in general, is determined by the rights which the public have in it."

See, also, *Weirich* v. *State*, 140 Wis. 98, 121 N. W. 652, 22 L. R. A. (N. S.) 1221, 17 Ann. Cas. 802; *Riley* v. *Buchanan*, 116 Ky. 625, 76 S. W. 527, 63 L. R. A. 642, 3 Ann. Cas. 788; *Northwestern Tel. Co.* v. *Minneapolis*, 81 Minn. 140, 83 N. W. 527, 86 N. W. 69, 53 L. R. A. 175; *Walton* v. *St. L., I. M. &*

*S. Ry. Co.*, 67 Mo. 56; *Nef et al.* v. *Reed*, 98 Ind. 341; *N. C. Ry. Co.* v. *Commonwealth*, 90 Pa. 300; *Piltsburgh, M. & Y. Ry. Co.* v. *Com.*, 104 Pa. 583; *County Com.* v. *Chandler*, 96 U. S. 205, 24 L. Ed. 625; *Craig* v. *People*, 47 Ill. 487; *Patterson* v *Munyan,* 93 Cal. 128, 29 Pac. 250; *Mead* v. *Topeka*, 75 Kan. 61, 88 Pac. 574.

Bearing in mind that among the very objects and purposes of our Legislature in creating a Public Utilities Commission, as declared by legislative enactment, was to provide for the safety, comfort, and convenience of the public travel at reasonable rates, we have no hesitancy in saying the position taken by the Attorney General in the case at bar is the correct one, and that the statutory definition of "public highway," relating to the roads over which the Commission may exercise jurisdiction, should be applied in its broadest sense.

Comp. Laws 1917, section 5848, prescribing rules for construction of statutes, provides:

"In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the Legislature or repugnant to the context of the statute. * * *"

It is then provided by subdivision 15 of this statute that the words "highway" and "road" include public bridges, and may be held equivalent to the words "county way," "county road," "common road," and "state road."

It is quite apparent from section 5848, supra, that the definitions expressly given in our statutes with reference to roads, highways, etc., were for the purpose of so defining in order to fix the duties and responsibilities of local officers and authorities with respect to their right to supervise and control the roads, rather than that the terms should always be employed and used in the restricted sense contended for in this case by the defendant. We think the construction contended for by defendant is wholly inconsistent with the manifest intent of the legislative act creating a Public Utilities Commission and prescribing its powers and jurisdiction.

Section 4782, subd. 13, of the act, defines:

"The term 'automobile corporation,' when used in this title, includes every corporation or person * * * engaged in, or trans-

acting the business of, transporting passengers or freight, * * * for compensation, by means of automobiles or motor stages on public streets, roads or highways along established routes within this state."

Subdivision 14 provides:

"The term 'common carrier,' when used in this title, includes every * * * automobile corporation * * * operating for public service within this state; and every corporation or person * * * whatsoever engaged in the transportation of persons or property for public service, over regular routes between points within this state."

Subdivision 28 provides:

"The term 'public utility,' when used in this title, includes every common carrier, * * * automobile corporation, * * * where the service is performed for or the commodity delivered to the public or any portion thereof. The term 'public or any portion thereof,' as herein used means the public generally, or any limited portion of the public including a person * * * to which the service is performed or to which the commodity is delivered, and whenever any common carrier, * * * automobile corporation, * * * performs a service or delivers a commodity to the public or any portion thereof for which any compensation or payment whatsoever is received, such common carrier, * * * automobile corporation, * * * is hereby declared to be a public utility subject to the jurisdiction and regulation of the commission and the provisions of this title."

Section 4798 of the act provides:

"The commission is hereby vested with power and jurisdiction to supervise and regulate every public utility in this state, as defined in this title, and to supervise all of the business of every such public utility in this state, and to do all things, whether herein specifically designated, or in addition thereto, which are necessary or convenient in the exercise of such power and jurisdiction."

In view of the express purport and meaning of the foregoing provisions of the statute, we do not think it incumbent upon the Commission, in order to make out a prima facie case, to introduce testimony to show dedication of the roads in question, nor the filing by the county commissioners of Salt Lake county of a plat with the county clerk, designating the roads as the public highways of Salt Lake county; nor to do more than to show their general use by the public for travel between the points designated in the pleadings.

Moreover, we think there is much merit in the contention of the Attorney General that the defendant, by his answer, while denying the right of the public to use the the roads in question, claimed the right to use them by virtue of the issuance to Chandler by the commission of a certificate of convenience and necessity, and that the law of equitable estoppel, as to him, applies; that the defendant by his affirmative defense pleaded in the answer and in effect admitted that the roads in question were public highways, and that, having asserted them to be such for his own purposes, he should be, and is, estopped from claiming them to be otherwise, more especially as against the Commission seeking to subserve the interests of the general public by exercising jurisdiction over them. As is said in 10 R. C. L. par. 19, p. 688:

"A person is held to a representation made or a position assumed, where otherwise inequitable consequences would result to another who, having the right to do so under all the circumstances of the case, has, in good faith, relied thereon."

If the constantly changing conditions and routes of the roads of this state from point to point, oftentimes through narrow canyons, over mountain passes, and across deserts, over which the general public travel were not intended, within the meaning of the legislative act, to be subjected to the jurisdiction and control of the Commission, and held to be public roads and highways within the meaning of the act we have under consideration, the Legislature would have expressly said so. The Legislature certainly intended that the roads of the state over which the general public concededly have the right to and do travel should be within the jurisdiction and under the regulation and control of the Commission, whether formally dedicated, accepted, and designated by recorded plats as public streets, roads, and highways in accordance with the general provisions of the statute or not, so long as they may be used by the general public for travel.

We are of the opinion the trial court erred in ordering a nonsuit in favor of the defendant, and therefore it is ordered that the same be vacated, and the case be remanded to the district court for further proceedings; appellant to recover costs.

WEBER and THURMAN, JJ., concur.

FRICK, J.

I concur. In order to constitute a particular road or highway a public road and the traffic and travel thereon subject to regulation and control by the Commission the question is not whether the county or the state has acquired an indefeasible title, easement, or right of way, but the question is whether the particular road or highway is being used by the public generally for travel and traffic and is claimed by the public as a public road or highway, and as such is being used for the purpose of hauling and transporting freight or passengers over it for hire or private gain by those owning and using the ordinary and usual vehicles used on public highways for such purposes. Any road or highway which is thus being used by the public generally is, in my judgment, a public road or highway within the purview of the law, over which the travel and traffic is subject to regulation by the Commission. It might just as well be contended that the Commission may not regulate the traffic over the railroads of a public service corporation because it has not acquired an indefeasible easement, right, or title to every portion of its right of way as to contend that the Commission may not regulate the traffic and travel over a public highway unless and until the Commission establishes an indefeasible title, easement, or right of way over the entire length of the highway or road on which the public travel and traffic is sought to be regulated. To so hold would, in most instances, defeat the very purpose of the Utilities Act.

In view of the foregoing, I cannot concur in the conclusion that an estoppel has been established. The principle upon which estoppels rest, in my judgment, has no application here.

GIDEON, J.

I concur in the order reversing the judgment of the district court granting a nonsuit. I do so, however, only for the rea-

son that in my judgment the defendant, by his acts, is estopped to deny or question the jurisdiction of the Commission over the route or roadway in question.