Patton LEAVER and Marge Leaver, his wife, Plaintiffs and Respondents,

v.

Ruth GROSE, Defendant and Appellant.

No. 16477.

Supreme Court of Utah.

April 2, 1980.

Gary Weston, Kent B. Scott and John Preston Creer of Senior & Senior, Salt Lake City, for defendant and appellant.

Robert Felton, Salt Lake City, for plaintiffs and respondents.

HALL, Justice:

Defendant appeals the judgment of the district court which enjoins her use of certain real property for rental purposes.

The property in question consists of a dwelling adjacent to that of plaintiffs, both of which lie within Loganview Subdivision, located in Salt Lake City and County. In 1947, certain restrictive covenants were imposed upon the lands within said subdivision which forbade, *inter alia*, the erection or maintenance of other than single-family dwellings thereon. The restrictions were imposed for a period of 25 years, with automatic extensions for successive periods of 10 years unless agreed otherwise by a majority of the subdivision lot owners. The said restrictive covenants remain of record without amendment or modification.

In June, 1975, defendant sought and obtained a building permit to construct a separate apartment in the basement of the dwelling. In the process of so doing, she reviewed the restrictions and formed the opinion that they were no longer enforceable since "they were out of date" inasmuch as more than 25 years had passed.

Defendant commenced the project in July, 1975. Plaintiffs testified that they were initially informed by defendant that she was merely "fixing up the place," with no mention being made of a purpose to accommodate separate living quarters. While there is some dispute as to when plaintiffs actually learned of the true nature and purpose of the project, it is undisputed that plaintiffs contacted defendant in July and again in September, 1975, for the purpose of voicing their objections to the project. It is also undisputed that during the September confrontation the plaintiffs specifically objected to the project as being in violation of the restrictive covenants. Defendant's response was that she was unaware that she could not have a duplex and that she had obtained the necessary building permit. However, she expressed a willingness to check the matter further and to keep plaintiffs posted. The record discloses no further contacts between the parties until March 30, 1976, when plaintiffs notified defendant by mail of their intention to seek judicial relief. At this time, the project was virtually complete. Suit was commenced on May 11, 1976.

The court below initially granted defendant's motion for summary judgment, ruling that the restrictive covenants had, by their own terms, expired in 1972, twenty-five years following their imposition. Plaintiffs appealed that judgment and this Court reversed and remanded the matter for trial on the issues.[1]

On remand, the case was tried to the court, sitting without a jury. Prior to rendering a decision thereon, the trial judge, Hon. Marcellus K. Snow, passed away. Thereafter, by stipulation of the parties, the matter was submitted to the Hon. James S. Sawaya for decision, based on the trial record, without the submission of further evidence. The court ruled that the restrictive covenants relied upon by plaintiffs are still in force, and that the equitable considerations raised by defendant do not bar their enforcement. The defendant was thereupon enjoined from renting the property. It is from that judgment that defendant appeals.

Defendant does not challenge the trial court's reading of the covenants involved. Her contention on appeal is strictly one in equity. It is urged that enforcement of the covenants should be barred by reason of laches and estoppel in that plaintiffs delayed the bringing of their suit for over six months following their appraisal regarding the nature of defendant's construction project and that this delay caused defendant, in good faith, to complete the project. Enforcement of the covenants under the circumstances, claims defendant, would cause her substantial injury and expense due to plaintiffs' failure to timely act on their claim, although no evidence of actual damage was presented.

■ Defendant urges, pursuant to this appeal, that this Court undertake a completely independent review of the trial court's decision. It is conceded that, under ordinary circumstances, a reviewing court will grant considerable deference to a trial court sitting in equity, reversing its disposi-

---

1. *Leaver v. Grose*, Utah, 563 P.2d 773 (1977).

tion of the case only in the presence of manifest injustice.[2] We are requested to make an exception in the present case, however, in light of the fact that the trial judge rendering the opinion below did not personally try the case, but reached his conclusion strictly from a review of the record. As such, reasons defendant, this Court is in as good a position as was the court below to resolve the equities involved. This argument ignores the fact that, prior to the trial court's consideration of the record, both parties stipulated to the procedure followed and agreed to be bound thereby. Having so stipulated, defendant may not come before this Court and seek, in effect, a trial de novo from the record. Any desire to avoid being bound by the trial court's consideration of the record should have been manifested in the form of a request for a new trial following the death of the original trial judge. In the absence of such a request, we see no justification for giving the present appeal any special degree of solicitude.

The availability of the defense of laches is contingent upon the establishment of two elements: (1) the lack of diligence on the part of plaintiff; and (2) an injury to defendant owing to such lack of diligence.[3]

The doctrine of estoppel has application when one, by his acts, representations, or conduct, or by his silence when he ought to speak, induces another to believe certain facts exist and such other relies thereon to his detriment.[4]

We find adequate support in the record to sustain the judgment of the trial court that the equitable doctrines of laches and estoppel have no application in this case.

Plainly and simply stated, defendant's untenable position was occasioned by her own action, and there is no basis in equity to shift the responsibility therefor to the plaintiffs. Defendant and plaintiffs obviously had a difference of opinion as to the enforceability of the restrictive covenants. At the outset (i. e., from the time she was able to obtain a building permit), defendant convinced herself that the restrictive covenants were unenforceable. Plaintiffs promptly objected to her remodeling project in July, and again in September, at which time defendant's attention was specifically drawn to the covenants in question. Then being faced with a controversy as to the enforceability of the restrictive covenants, defendant agreed to cease construction until she could check the matter further. However, she apparently again satisfied herself as to the validity of the legal position she had previously chosen, for she resumed the remodeling project. In doing so, we can only conclude that she totally discounted the merits of plaintiffs' objections to the project, or that she took a calculated risk that plaintiffs would not seek a judicial determination of the issues, or, if they did that they would not achieve success.[5] Thus it is to be seen that it was not plaintiffs' actions, or inactions, which induced defendant to proceed with the project to her ultimate detriment, but her own erroneous legal conclusion that the restrictive covenants were no longer enforceable.

Specifically in regard to the matter of laches, having placed defendant on notice of the controversy that existed, certainly equity placed no further duty upon plaintiffs to immediately file a lawsuit so as to further protect defendant against her own actions. This is particularly so in light of the fact that the record before us is devoid of even an implication of any unconscionable delay on the part of plaintiffs.

Affirmed. Costs to plaintiffs.

**2.** *Papanikolas Brothers Enterprises v. Sugarhouse Shopping Center Associates*, Utah, 535 P.2d 1256 (1975); *Nokes v. Continental Mining and Milling Co.*, 6 Utah 2d 177, 308 P.3d 954 (1957).

**3.** Id., *Papanikolas Bros. Enterprises v. Sugarhouse Shopping Center Assoc.*

**4.** *Morgan v. Board of State Lands*, Utah, 549 P.2d 695 (1976); see also *J. P. Koch, Inc. v. J. C. Penney Co., Inc.*, Utah, 534 P.2d 903 (1975); *Public Utilities Commission v. Jones*, 54 Utah 111, 179 P. 745 (1919).

**5.** A far more provident course of action for defendant would have been to seek a declaratory judgment as provided for by U.C.A., 1953, 78–33–1 et seq.

CROCKETT, C. J., and WILKINS and STEWART, JJ., concur.

MAUGHAN, J., dissents.