SUMNER COUNTY *v.* INTERURBAN TRANSP. CO.

(*Nashville.* December Term, 1918.)

1. **TURNPIKES AND TOLL ROADS.** Ownership of road by turnpike company. Conveyance to county.

Since a turnpike company never owned certain public roads, merely having had the right to erect gates over them and collect tolls for travel on them by complying with certain conditions prescribed by law, its conveyance to the county added nothing to the rights of the county and merely destroyed the rights of the company. (*Post, pp.* 497, 498.)

Cases cited and approved: State v. Stroud (Ch. App.), 52 S. W., 697; Laufer v. Bridgeport Traction Co., 68 Conn., 457; Morse v. Sweenie, 15 Ill. App. 486; Bogue v. Bennett, 156 Ind., 478; Wild v. Deig, 43 Ind., 455; Burlington, etc., v. Johnson, 38 Kan., 142; Riley v. Buchanan, 116 Ky., 625; Macomber v. Nichols, 34 Mich., 212.

2. **HIGHWAYS.** ''Public road.''

A "public road" is a way open to all the people, without distinction, for passage and repassage at their pleasure. (*Post, pp.* 497, 498.)

3. **HIGHWAYS.** Exclusion from use. Authority of court.

The county court has no power, without legislative authority, to exclude any member of the public from reasonable use of a public road. (*Post, pp.* 498, 499.)

4. **HIGHWAYS.** Power to control. Prescription. Conditions of use.

The Legislature, as the constitutional representative of the public, has the power to levy reasonable conditions on members of the public for their use of the public roads; but the county court, without express authority, has not such power, cannot take such action as proprietor, and as a county court has no power to legislate, so that an attempt of the court to restrict the size of motor trucks of a company and the weight of their

loads was void, being unauthorized by the legislature. (*Post*, *pp.* 498, 499.)

Cases cited and approved: Ledbetter v. Turnpike Co., 110 Tenn., 92; Turnpike Co. v. Marshall, 61 Tenn., 118; Johnson v. Brice, 112 Tenn., 65.

5. HIGHWAYS. Right to use.

Every member of the public has the right to use the public roads in a reasonable manner for the promotion of his health and happiness; the use being restricted to a use with due care and in a reasonable manner. (*Post*, *p.* 500.)

6. HIGHWAYS. Use by motor vehicles.

The motor vehicle being a common means of transportation, and its use on the public roads being authorized wherever the size and character of the vehicle is not restricted by the legislature, the fact that a transportation company has used motor trucks heavier than customary, to the damage of the public roads and bridges of the county, does not give the county court or any one else an action against it for such use. The county can neither restrain the use of the roads or bridges, nor collect damages on account of their reasonable use. (*Post*, *p.* 500.)

7. HIGHWAYS. Excessive use. Liability.

Transportation company, operating heavy motor trucks on public roads and bridges of a county, *held* not liable to the county or county court as for an excessive use of the roads, though the trucks were so heavy as to break down the roads to some extent, and constituted a greater load than the bridges were designed to bear. (*Post*, *p.* 500.)

8. HIGHWAYS. Reasonable use. Motor trucks.

Unreasonable use of public roads of a county by a transportation company using motor trucks must have involved more than the mere weight of the trucks and their loads, and have related to the manner of use, either in the management of the vehicles, so as to carelessly operate them upon the roads, or reckless driving by the motorman. (*Post*, *pp.* 500, 501.)

FROM SUMNER.

Appeal from the Chancery Court of Sumner County. —Hon. J. W. Stout, Chancellor.

W. L. Granbery, W. L. Granbery, Jr., and H. E. Palmer, Jr., for appellant.

A. O. Denning, G. W. Boddie, J. T. Durham and Baskerville & McGlothlin, for appellee.

Mr. Chief Justice Lansden delivered the opinion of the Court.

Complainant filed this bill in the chancery court against the Interurban Transportation Company, a corporation, to enjoin it from using trucks upon the roads of the complainant. The bill shows in brief that the defendant is engaged in the transportation of freight over certain roads in Sumner county, which were formerly turnpike roads, built by corporations organized for such purposes. The county bought the turnpikes, and it and the state levied certain taxes upon defendant, which were all paid. Defendant owned a number of heavy trucks and operated them between the city of Nashville and points in Sumner and Trousdale counties, and over the roads which the county had purchased from the turnpike companies. The trucks and loads hauled over the roads and bridges in Sumner county weighed something more than ten tons, and are heavier than the roads and bridges, built by the turnpike

companies, were intended to accommodate.  The use of the trucks upon the roads was very destructive to them.  The roads were built of macadam, and the bridges were intended to accommodate a load of about three thousand pounds.  However, it is not shown that any bridge or highway was destroyed by the use to which it was subjected, but it is shown that the roads were damaged very materially by running the trucks over them.  It is shown that the use of these heavy trucks upon macadam roads is destructive of them within a very short time.

An injunction was granted upon the following condition:

"But said injunction to stand dissolved when the defendant files with you [the C. & M.] a bond in the penalty of one thousand dollars, conditioned to pay the complainant such damages as it may sustain and the court award for any excessive or unreasonable use of the highways and bridges of Sumner county, under the charges and allegations of the original bill."

The Hartford Accident & Indemnity Company became surety upon the bond.

The chancellor held the defendant liable for all damages to the roads and bridges occasioned by the use of the heavy, loaded trucks upon them.  There is no showing that the use of the roads and bridges was in an unreasonable way other than might be attributed to the use of heavy trucks.  Judgment was rendered for more than $5,000 against the transportation company and for $1,000 against the surety.  The surety appealed to the court of civil appeals, and as there was no showing in the evidence for "any excessive or un-

reasonable use of the highways and bridges'' by de-
fendants, the court of civil appeals reversed and re-
manded the case to the chancery court of Sumner coun-
ty for it to ascertain, if any, what damage was oc-
casioned to the roads by excessive and unreasonable
use of them and the bridges.

The surety has filed this petition for *certiorari,*
and contends that the decree of the court of civil ap-
peals, although undertaking to save the questions made
upon the merits of the controversy, nevertheless in ef-
fect adjudges the transportation company liable for
excessive and unreasonable use of the highways and
bridges, and its decree is therefore *res adjudicata.* We
think this view is correct, and that it is necessary for
us to decide the merits of the controversy. It is erro-
neous to suppose that the surety is not interested in
the merits. If his principal had the right to run the
motor trucks over the roads of the complainant, and
if the management of the trucks being used was rea-
sonable and with due care, the surety would have no
liability whatever.

The county claims as vendee of the turnpike com-
pany. This does not strengthen the claim of the county,
for it is manifest that the turnpike company did not
own the roads, nor have power to convey them. It had
the right to erect gates over them, and collect tolls for
travel on them, by complying with certain conditions
prescribed by law. But it never owned the roads, and
therefore its conveyance to the county added nothing
to the rights of the county, and merely destroyed the
rights of the turnpike company. The roads belong

141 Tenn.—32

to the public, and the county court holds them in trust for the public, and while it is proprietor for the purposes of its trust, it is not proprietor in the sense that it is the owner of the roads against the public, or any member thereof. A public road is a way open to all the people, without distinction, for passage and repassage at their pleasure. Definitions in other terms have been given, but they mean substantially the same as the one just stated. The authorities make it clear that any road which is not for the use of the people is not a public road; the fact that it is for the benefit of the public destroys the thought that there can be a private ownership of the road. *State* v. *Stroud* (Ch. App.), 52 S. W. 697. This is a case of the court of chancery appeals and was affirmed by this court. *Laufer* v. *Bridgeport Traction Co.*, 68 Conn. 457, 37 Atl., 379, 37 L. R. A., 533; *Morse* v. *Sweenie,* 15 Ill. App., 486; *Bogue* v. *Bennett,* 156 Ind., 478, 60 N. E., 143, 83 Am. St. Rep., 212; *Wild* v. *Deig,* 43 Ind., 455, 13 Am. Rep., 399; *Burlington, etc.,* v. *Johnson,* 38 Kan., 142, 16 Pac., 125; *Riley* v. *Buchanan,* 116 Ky., 625, 76 S. W., 527, 63 L. R. A., 642, 3 Ann. Cas., 788; *Macomber* v. *Nichols,* 34 Mich., 212, 22 Am. Rep., 522. And the same definitions will be found in the reports of Missouri, New Hampshire, New Jersey, New York, North Carolina, Pennsylvania, South Carolina, Texas, Vermont, Virginia, Wisconsin, and perhaps other states. We also cite Bouvier's L. Dict., Burrill, L. Dict., Century Dict., Holthouse, L. Dict., Jacob, L. Dict., Tomlin, L. Dict., Rapalje & L. L. Dict., and Webster, Dict.

This being the established nature of a public road, the county court would have no power to exclude any

member of the public from its reasonable use without legislative authority. So far as we are advised, the legislature not only has not forbidden the use of motor vehicles, without regard to weight or load, upon public highways, but has authorized their use by levying a tax upon them. As stated heretofore, the defendant has paid this tax. The legislature, as the constitutional representative of the public, has the power to levy any reasonable condition upon members of the public for their use of the public roads; but the county court, without express authority, has not such power. It cannot take such action as proprietor, and as a county court it has no power to legislate. The manner of its discharge of its trust comes from the legislature. *Ledbetter* v. *Turnpike Co.*, 110 Tenn., 92, 73 S. W., 117; *Turnpike Co.* v. *Marshall*, 2 Bax., 118; *Johnson* v. *Brice*, 112 Tenn., 65, 83 S. W., 791.

It follows, therefore, that the attempt of the county court to restrict the size of vehicles and the weight of their loads is void, because the legislature has not authorized such action.

Public roads, like everything else, are developing in their nature and character, and in the uses to which the public subjects them. As civilization develops, and the inventive genius of man progresses, new uses of public roads may be found. The remedy, in such event, is not to restrict the public in its enjoyment of the public highways, but to improve and enlarge the highways. Their sole use is to accommodate the public, and enable its members to communicate with each other, both socially and in a business way.

It is well-settled law that every member of the public has the right to use the public roads in a reasonable manner for the promotion of his health and happiness. Such use, however, is restricted to a use with due care and in a reasonable manner. In so far as the bill seeks to prevent defendant from using the public roads, because its trucks and their loads are too heavy, it must be dismissed. The motor vehicle is now a common means of transportation, and its use upon the public roads is authorized, wherever the size and character of the vehicle is not restricted by the legislature, and will be controlled, so far as we know, only by the convenience and profit of the public. The fact that the transportation company has used vehicles heavier than customary does not give the court, or any one else, an action against it for such use. The county can neither restrain it from using the public roads and bridges, because of the size of its vehicles, nor collect damages for their reasonable use. If the defendant has operated its vehicles negligently, it would be liable in damages to any one who has been injured thereby.

We do not think the defendant is liable for the excessive use of the roads. There is no legislative enactment prescribing an excessive use, and until there is one we cannot say that the uses to which the roads were subjected by defendant are excessive.

The unreasonable use of the roads by the defendant might be ascertainable. It must have been more than the weight of the vehicles and their loads, and must relate to the manner of the use, either in the management of the vehicles, so as to carelessly operate them upon the roads, or the reckless driving of the vehicle

by the motorman. The county in such cases might enjoin the employment of a negligent and reckless motorman, but we cannot conceive that it could enjoin the use of the vehicle if reasonably made. Within the meaning of this opinion we will remand the case for the ascertainment of such damages to the roads and bridges as may have accrued from the unreasonable use of the motor vehicles.

Reversed and remanded.

### RESPONSE TO PETITION TO REHEAR.

The petition to rehear is allowed, and the decree heretofore entered will be modified, so as to dismiss the case as to the defendant Hartford & Indemnity Company.

The statements made in the petition make a case for the modification above referred to, and as the petition is not answered its allegtions are taken as true both in law and in fact.