

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 2, 1954

Hon. Austin F. Anderson            Opinion No. S-137
Criminal District Attorney
Bexar County                       Re:  Purchase of right of
San Antonio 5, Texas                    way by county.

Dear Mr. Anderson:

You have requested an opinion on the following question:

"Whether Bexar County can legally purchase out of Road and Bridge Funds 1.24 acres of land from Mrs. Martina E. Rodriquez for a road to be known as Rodriquez Road, the purpose of which is to serve as an access road to a new County Park."

According to the facts submitted with your request, Bexar County has purchased 1.24 acres of land from Mrs. Martina E. Rodriquez constituting a 50-foot right of way approximately 1,032 feet in length from an intersection of U. S. Highway 90 West to a County Park located north of such intersection. The Commissioners' Court has designated the proposed road as a public road and consequently, part of the county road system. Dispute has arisen as to whether such road constitutes, as a matter of law, a public road.

In Bradford v. Moseley, 223 S.W. 171 (Tex. Com. App. 1920) the court in determining what constituted a public road stated:

"What is a public road is in a measure dependent upon the facts of each particular case, but the character of a road does not depend on its length, nor upon the place to which it leads, nor is its character determined by the number of people who actually travel upon it. Decker v. Menard (Civ. App.) 25 S.W. 728; Elliott on Roads §§ 1 to 7. A road may be established which is a cul-de-sac. Id. A road open to the public is a public road, though one person may be most benefited by it. Galveston, etc. v. Baudat, 18 Tex. Civ. App. 595, 45 S.W. 939. It is a highway if there is a general right to use it for travel, and if it is open to the use of all the people. Elliott on Roads, §§ 1-3; Sumner, etc. v. Interurban, etc., 141 Tenn. 493, 213 S.W. 412.

". . . It is obvious from the statement of the case that the whole controversy resolves itself into one question:  Did the Commissioners' Court of Palo Pinto County abuse the discretion vested in it by law in opening the road?

"This is true because it is a part of the statement of facts that evidence of all the statutory requirements precedent to the opening of the road was offered, and that all were in due and legal form, and the trial court found that the commissioners' court determined that a necessity for the road existed, and that due notice was given.  Such finding was as binding as would have been the verdict of a jury."

Likewise, it is stated in Rindge Company v. County of Los Angeles, 262 U. S. 700, 76 L.Ed. 1186, 43 S. Ct. 689 (1923):

". . . It is not essential that the entire community nor even any considerable portion, should directly enjoy or participate in an improvement in order to constitute a public use."

In Attorney General's Opinion V-1169 (1951) this office held that farm to market and lateral roads constituted any public road of the county leading either directly or indirectly from the farms to some market exclusive of designated State highways, citing Hastings v. Pfeiffer, 184 Ark. 952, 43 S.W.2d 1073 (1931).

In Attorney General's Opinion V-675 (1948) it was held that whether a public road is a necessity is a fact question to be ascertained by the Commissioners' Court.

Since the road in question has been designated by the Commissioners' Court of Bexar County to be a county road,  and the road is open to the public, and is in fact adapted as a way of convenience for the public to travel to and from the County Park, it is our opinion that such road would constitute a county road and part of the county road system.  Therefore, the purchase of this right of way may be paid for out of the Road and Bridge Fund of the County. Carroll v. Williams, 109 Tex. 155 202 S.W. 504 (1918).

## SUMMARY

A county has the authority to purchase, out of the Road and Bridge Fund of the County, land for a right of way to be used as a public road of the county leading from a County Park to an intersection with a designated State highway.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. C. Davis, Jr.
County Affairs Division

W. V. Geppert
Reviewer

By *John Reeves*
    John Reeves
        Assistant

Enos F. Jones
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JR:cs