**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**PINE COAL COMPANY and Jack Winston Collier, Appellees.**

Court of Appeals of Kentucky.

Feb. 24, 1967.

Rehearing Denied May 19, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Spec. Asst. Atty. Gen., Kentucky Highway Dept., Frankfort, Edmond H. Tackett, Pikeville, for appellant.

Stephen Combs, Jr., Combs & Polly, Whitesburg, for appellees.

OSBORNE, Judge.

This case involves the destruction of a bridge by a coal truck belonging to the Pine Coal Company. The bridge, located on Kentucky Highway 7 in Letcher County, Kentucky, was destroyed on January 21, 1963, when a loaded coal truck belonging to the Company attempted to cross it. The bridge was rated at fifteen tons by the Kentucky State Highway Department. The coal truck was loaded at a gross of 63,000 pounds. Even though liability was not seriously disputed in this case, the trial court refused to direct a verdict; and the jury found for the plaintiff and awarded damages in the sum of $400. We believe the jury was correct in its verdict so far as liability is concerned.

Defendant's driver, on cross-examination, admitted that, in his opinion, the weight of the truck caused the collapse of the bridge. Defendant makes much of the fact that no notices were posted at or near the bridge advising the public of the gross weight to be transported over it. We know of no legal requirement that the Highway Department post such notices and defendant does not direct our attention to any.

KRS 433.350 provides:

> "Any person who damages or attempts to damage any bridge or ferry owned or operated by this state shall be fined not less than ten dollars nor more than three hundred dollars, or imprisoned for not less than ten days nor more than six months, or both."

American Jurisprudence recognizes the right of a governmental unit to recover for the destruction or damage to its roads or highways. 25 Am.Jur. Highways sec. 34, pp. 635, 637, states:

> "The rule in many jurisdictions is that a municipal or quasi-municipal corporation has such an interest in streets or

highways which it is its duty to repair and keep in order as will give it a right of action against one who makes such repairs necessary by a wrongful, negligent, or unreasonable use of the way, * * *."

"The damages recoverable are measured by the expense to which the municipality or other public agency has been put by the act of the defendant and do not include mere inconveniences in the use of the road which do not make it more expensive to be kept in repair."

We believe that there can be no question but that the defendant is liable for the destruction of the bridge in controversy. Those who negligently damage or destroy roads, bridges or culverts should be held responsible in damages for their actions.

We now come to the question of damages. Appellant, through one of its engineers, testified that the reasonable value of the bridge destroyed, less salvage value, was $9553.20. Appellant also offered proof, which was excluded by the trial court, that the cost of tearing down and removing and replacing the old bridge was $5651.36. Damages should be limited to the fair and reasonable value of the bridge destroyed. See Stewart v. Sizemore, Ky., 306 S.W.2d 821. Had the bridge not been completely destroyed, then, of course, the measure of damages would have been the cost of restoration to its original condition. See Business Realty, Inc., v. Noah's Dove Lodge No. 20, Ky., 375 S.W.2d 389. Appellant's proof was properly limited to the value of the bridge destroyed.

At the conclusion of all of the evidence, appellant made a motion for a directed verdict, which motion was overruled by the court. After entry of judgment, appellant made a motion for judgment Non Obstante Veredicto under the provisions of CR 50.02. It is our opinion that the proof relative to liability is indisputable and there being no testimony as to damages, except that above referred to, the court should properly have sustained a motion for a directed verdict. Having failed to do so, the court should have, without question, sustained a motion for judgment Non Obstante Veredicto. Therefore, this action is remanded with directions to enter judgment for the plaintiff in the amount of $9553.20.

The judgment is reversed.

All concur.